RUSK, Bank Comptroller, vs. SACKETT, Administrator, etc.

STOCKHOLDER'S BOND. *Judgment on bond for contingent liability ; how enforced as to amount actually due.*

1. A judgment upon the stockholders' bond required by the banking law of this state (R. S., ch. 71, sec. 36) is for a contingent liability, and no execution can issue thereon until the sum actually due is ascertained. R. S., ch. 140, secs. 20, 21.
2. The bond itself is so far merged in such judgment, that no action can be maintained upon it.
3. The court in which the judgment is, has exclusive jurisdiction to determine the amount actually due, and award execution or other appropriate remedy for its collection.
4. Judgment in this case having been rendered in the circuit court for Dane county, and administration on the judgment debtor's estate granted in Waushara county, plaintiff must pursue his remedy in the Dane circuit court; and upon his establishing there the fact that a certain sum is actually due, that court will certify the same to the probate court of Waushara county for payment, or award such other remedy as the law authorizes; and said probate court has no jurisdiction to allow the amount claimed by plaintiff against said estate, upon his own certificate that such amount is due on the judgment.

Rusk, Bank Comptroller vs. Sackett, Administrator, etc.

APPEAL from the Circuit Court for *Waushara* County.

The defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

*Wheeler & Waring* (with *S. U. Pinney* and *H. W. Tenney*, of counsel), for appellant, argued, among other things : 1. That the certificate of the bank comptroller was not admissible in evidence under any law in force when it was made or sought to be used; that sec. 3, ch. 47, laws of 1855, which provides that the certificate of the comptroller "shall be conclusive evidence in all courts and places," of the amount due on the bond, was never a part of the banking law, because never submitted to and approved by the people (*Van Steenwyck v. Sackett*, 17 Wis., 645); that, if ever valid, that statute was *expressly* repealed before the judgment was entered, by R. S., ch. 191, p. 1,031 ; and that if not repealed, it would not be available, because, as its effect as evidence would be derived wholly from the statute, it must have the *conclusive* effect which that undertook to give it, or none at all ; and to give it such conclusive effect would be to invest the comptroller with *judicial* power, in disregard of the state constitution, art. VII, sec. 2. *Attorney General v. McDonald*, 3 Wis., 805. 2. That the circuit court for Dane county had exclusive jurisdiction of the whole matter, judgment for the penalty of the bond having been rendered there. R. S., ch. 140, secs. 20, 21. The judgment there is against two persons, Sackett and Lawrence, and both are entitled to be heard, when the amount claimed to be actually due is fixed. The probate court of another county could not compel Lawrence to litigate before it, in a probate proceeding against Sackett's estate, the extent of his liability on the bond, which was in judgment in Dane county.

*S. S. Barlow*, Attorney General, with *Cassoday, Merrill & Dixon*, for respondents, argued that sec. 44, ch. 71, R. S., which makes the bank comptroller's certificate conclusive evidence in all courts and places, as to the amount due on the bond, being a mere regulation in regard to practice, is valid, although the

act of which it originally formed a part (ch. 47, Laws of 1855) was in other parts void, because never submitted to a vote of the people. *Slauson v. Racine*, 13 Wis., 404; *Brower v. Haight*, 18 id., 102; *Rusk v. Van Norstrand*, 21 id., 159.

The following opinion was filed at the January term, 1871:

LYON, J.   Edward Sackett, being the owner of the Portage County Bank, a banking association organized under the banking law of 1852, gave to the bank comptroller a bond and warrant of attorney, bearing date October 8th, 1860, executed by himself as principal, and one Hoel K. Lawrence as surety, in the penal sum of $12,500, to indemnify the holders of the bills issued by such bank against loss in case the securities deposited with the comptroller should be insufficient to redeem said bills. This bond and warrant of attorney were executed pursuant to the requirements of ch. 71, R. S., secs. 33 and 36.   The securities deposited with the comptroller having depreciated in value, and the bank having failed to make the same good, after due notice to do so, as required by law, on the 18th day of October, 1861, a judgment was entered in the circuit court for Dane county upon said bond, in favor of the bank comptroller and against the said Sackett and Lawrence, for $8,000, part of the penalty of such bond, and for costs.   The affidavit of the comptroller, filed in the case, showed that the contingent liability on the bond was the sum for which the judgment was entered.   No further proceedings affecting this action have been taken in that court upon such judgment.

Edward Sackett afterwards died, and the defendant was duly appointed administrator of his estate by the county court of Waushara county.   While the estate was in progress of settlement, the plaintiff, the bank comptroller, presented to the judge of that court his certificate, purporting to have been made pursuant to sec. 44 of chap. 71, R. S., showing that the securities of the bank had been sold, and the proceeds distributed according to law, and that there remained actually due upon

said bond the sum of $3,834.23, and asked to have that sum allowed by said judge as a debt against the estate of Sackett.

The claim was disallowed; an appeal was taken from the order of the county judge disallowing the same, to the circuit court for Waushara county; and on the trial of such appeal in the latter court, the plaintiff obtained judgment for the amount of such claim and interest. From that judgment the defendant has appealed to this court.

There seems to be no doubt that the bond, which is the foundation of all of these proceedings, was so far merged in the judgment obtained upon it in the circuit court for Dane county, that no action can be sustained upon such bond. *Wyman v. Mitchell*, 1 Cow., 316. See opinion by SUTHERLAND, J., p. 320. *Clark v. Rowling*, 3 Coms., 220. The proceedings, therefore, before the county judge of Waushara county, and in the circuit court for that county, were in the nature of an action upon such judgment. That judgment was for a contingent liability, and no execution could lawfully issue therefrom until the sum actually due on the bond should be ascertained. It is so provided in the banking law (R. S., ch. 71, sec. 36), and in the general law on the subject of judgments upon penal bonds and executions thereon. R. S., ch. 140, secs. 20 and 21.

We think it is clear, on principle and authority, that the court which rendered the judgment has exclusive jurisdiction to determine the amount actually due, and to award execution or other appropriate remedy for the collection thereof. No authority has been cited, and, after careful search, we have been unable to find any, which authorizes one court, after another has given judgment for the penalty of a bond, to step in, assume jurisdiction, ascertain the amount which is due and payable upon the bond, and award execution thereupon, or, as is sought to be done in this action, enforce payment thereof out of the estate of a deceased judgment debtor.

At the common law, the proceeding to bring in the heir or personal representative of the deceased judgment debtor, and to

enforce the collection of the judgment, would have been by *scire facias*, and doubtless, in the proceedings thereupon, the court, in a case like this, would have determined the sum actually due and payable upon the bond. But a *scire facias* must issue out of the court where a judgment was given, if it remains there ; or, if removed, then out of the court where the judgment is. Bouvier's Law Dic., title "*Scire Facias*," and authorities cited.

The Revised Statutes, ch. 160, sec. 1, provide that the remedies theretofore obtained by the writ of *scire facias* may be obtained by civil action. The principles which must control such civil action are obviously the same which controlled the common law proceeding by *scire facias*. The statute has only changed the form of the proceedings by which the remedy is obtained, and has not enlarged or changed the remedy itself.

Sec. 21 of ch. 140, R. S., although it relates only to cases where there has been a breach of the condition of the bond after judgment, would seem to indicate the correct practice in cases like the one under consideration, varying the suggestions therein required according to the facts.

We think, therefore, that the plaintiff must pursue his remedy in the circuit court for Dane county ; and if he succeeds in establishing the fact that there is any sum due him on the judgment, that court will certify the same to the proper county court for payment, or award such other remedy as the law authorizes.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the proceedings for want of jurisdiction in the county court, or in the judge thereof.

A motion for a rehearing was denied at the June term, 1871.