## BOWEN vs. VAN NORTWICK, imp.

ACTION: *Against covenantor in contract for the purchase of land, to whose assignee the land has been conveyed by the covenantee.*

1. Plaintiff agreed to sell and convey to defendants certain lands and water power; defendants covenanting to pay plaintiff $10,000 within

thirty days, in fully paid up shares of stock in a joint stock company organized to carry on certain manufacturing works on said power; and plaintiff reserving the right to surrender said stock to defendants, within two years, in which case they were to pay him the par value thereof, with a stipulated interest, " the same being intended to apply, when fully completed, as the purchase money " of the premises sold. Defendants delivered the stock as agreed, and soon after assigned to said joint stock company all their interest in the contract and in the lands and power therein described, directing plaintiff, by their written assignment, to convey the premises to said company, " upon its complying with the conditions in said contract mentioned; " and plaintiff soon after conveyed the premises to the company. Before the end of two years, plaintiff returned to defendants the stock so delivered to him, and demanded of them payment of its par value, etc. *Held*, that after the conveyance of the land, defendants' covenant to take back and pay for the stock was their independent personal covenant, on which they were liable to plaintiff.

2. Whether and how far said joint stock company is liable over to defendants on account of the surrender of said stock, are questions not here determined.

APPEAL from the Circuit Court for *Outagamie* County.

It is alleged in the complaint, that on the 23d of April, 1873, the plaintiff as party of the first part, and the defendants as parties of the second part, executed an agreement in writing, a copy of which is inserted in the complaint, in and by which the plaintiff, on the terms and conditions therein mentioned, agreed to sell and convey to the defendants certain lands and water power in the city of Appleton. The agreement contains stipulations (found in almost all executory contracts for the sale and purchase of lands) for the payment of taxes, for keeping the premises in repair, for surrender of possession and forfeiture of part payments in case of default, and for a conveyance by plaintiff on full performance of the contract by the defendants. The only portion of the instrument which it is necessary to set out at length, is as follows :

" The said parties of the second part hereby agree and bind themselves and their legal representatives to pay, or cause to be paid, to the said party of the first part, his heirs and as-

signs, the sum of ten thousand dollars, in the manner following: to be paid in full-paid-up shares of stock, to the amount of ten thousand dollars, in a manufacturing establishment, or a joint stock company, for the manufacture of pulp and paper, upon the following described water power, and that this day purchased of C. G. Adkins and D. E. Woodward; said stock to be delivered in thirty days from the date hereof. The said party of the first part reserving the right to surrender said stock to the parties of the second part within two years, in which case the said parties of the second part hereby agree to pay the said party of the first part the face of said stock and the profits thereon, which they hereby agree to amount to twelve per cent. annually, to the time of such surrender, and the same being intended to apply, when fully completed, as the purchase money of the following tract, piece or parcel of land, situate," etc.

It is further alleged in the complaint, that on April 26, 1873, the joint stock company mentioned in the contract was organized under the name and style of the "Ames Wood Pulp Company;" that on the 17th of May, in the same year, said company, by direction of the defendants, delivered to the plaintiff one hundred shares of full-paid stock therein, which stock amounted to and represented the sum of ten thousand dollars; that on the tenth of June next following, the defendants assigned and conveyed to said company all their interest in said contract and in the lands and water power therein described; that such assignment is indorsed on said contract, and contains the following clause: "The said *Abraham B. Bowen*, party of the first part within named, is hereby authorized and directed to convey the within described premises to the said 'Ames Wood Pulp Company' upon its complying with the conditions in said contract mentioned;" that on July 1st of the same year, the plaintiff conveyed such premises to said company; that on the 15th of January, 1874, the plaintiff surrendered the stock mentioned in such contract to the defend-

ants, and then and there demanded of them payment of the sum of $10,000 and twelve per cent. profits thereon, as stipulated in the contract; and that the defendants have not paid the same or any part thereof.

There is also a general averment of performance by the plaintiff of the conditions of the contract to be by him performed, and a demand for judgment for the stipulated price of the stock and the stipulated profits thereon.

The defendant *Van Nortwick* demurred to the complaint, on the ground that it fails to state facts sufficient to constitute a cause of action; and appealed from an order overruling his demurrer.

*Gerrit T. Thorn*, for appellant, argued that the plaintiff could not enforce the contract against the defendants, since he had placed it out of his power to perform on his part by conveying the land to the Pulp Company, citing *Burwell v. Jackson*, 9 N. Y., 535; *Johnson v. Wygant*, 11 Wend., 48, and other cases; that the contract was evidently so drawn as to make the payment of the money and interest a condition precedent to the delivery of the deed; that at the time of the conveyance of the land to the company, this payment was the only condition of the contract, on the part of the defendants, remaining unperformed, and was the one intended in the indorsement authorizing such conveyance to the company " upon its complying with the conditions in said contract;" that such conveyance was not authorized upon any other terms, and the plaintiff, by conveying as he did, had discharged the defendants and accepted the company in their stead, against which his action should have been brought.  As to the liability of the company upon the contract, he contended that the covenant was one running with the land, and that the company, having taken title to the land upon the express condition that it should relieve the defendants from liability, and having enjoyed its use, was bound by the covenant or estopped from denying its liability thereon.  *Dorr v. Peters*, 3 Edw., 132; *Hoge-*

*boom v. Hall*, 24 Wend., 146; 9 Mass., 514; 8 Pick., 392; 11 id., 475; 13 id., 133; 18 id., 266; 2 Met., 180; 1 Dana, 47; Addison on Con. (7th ed. by Cave), 21 and 1048.

*Felker & Weisbrod*, for respondent, contended that the contract, properly construed, required the plaintiff to deed upon delivery of the stock, as *payment* was to be made in the latter commodity; that the right of the plaintiff to surrender his stock was an option which he might never exercise, and was a separate and independent covenant between the parties, not relating to the subject matter of the purchase of and payment for the land; that the defendants could not object that the land had been conveyed to the Pulp Company, as such conveyance was made at their request; and that although the indorsement on the contract authorizing such conveyance, might give them recourse over against the company, it did not relieve them from their own personal liability upon the covenant. *Courcier v. Graham*, 1 Ohio, 154; *Tompkins v. Elliott*, 5 Wend., 496; *Bennett v. Ex'r of Pixley*, 7 Johns., 250; *McMahon v. Railroad Co.*, 20 N. Y., 463; 4 id., 249.

LYON, J. The learned counsel for the appellant rests his whole case upon the effect of these words in the assignment of the contract, viz: "upon its complying with the conditions in said contract mentioned," and frankly concedes that were such words omitted therefrom, the complaint would state a cause of action against all of the defendants. His proposition is, that having conveyed to the "Ames Wood Pulp Company" under the authority conferred by the assignment, but qualified by the clause above quoted, the plaintiff elected to look to that company alone for the performance of the stipulations contained in his contract with the defendants, and can maintain no action against the latter for nonperformance thereof. In other words, it is claimed that the assignment must be construed as though the following or equivalent words were added to it: "*Provided*, however, if said *Bowen* conveys the

premises to said company, it shall operate to release and discharge us from all liability whatever on our covenants contained in said contract."

We find in the assignment evidence that the defendants sought to charge the company with some, perhaps with all, of its liabilities under the contract; but in the language employed we find no evidence that they sought to relieve themselves from any such liabilities. When the conveyance was made, the plaintiff had not surrendered his stock, and no one was then liable to him therefor. After such conveyance, the agreement of the defendants to pay the plaintiff for his stock in case he surrendered it to them became an independent personal covenant of the defendants, just as it would have been had the plaintiff conveyed the premises to them instead of the company.

How far the company may be liable over to the defendants on account of the surrender of the stock by the plaintiff, or whether the latter has a cause of action against the company, we are not called upon to determine. It is sufficient, for the purposes of this appeal, to say that we are unable to give to the assignment the interpretation contended for on behalf of the appellant, and we must hold that the defendants remain liable under the contract for the stipulated price of the surrendered stocks and the agreed profits thereon; and hence, that the demurrer to the complaint was properly overruled.·

*By the Court.* — Order affirmed.

RYAN, C. J., took no part in the decision of this cause.