BOWEN vs. HASTINGS and others.

RES ADJUDICATA.   *Decision on appeal of one defendant.*

1. In an action against merely *joint* contractors, where only one appeals from a decision of the circuit court (as upon a demurrer to the complaint), the determination by the appellate court of a question necessarily involved in its judgment upon such appeal, and in respect to which the rights of all the defendants are the same, is binding upon them all in subsequent proceedings in the action.

2. The decision of this court on a former appeal by one of the defendants herein *(Bowen v. Van Nortwick, imp.,* 38 Wis., 279), as to the effect of a certain contract and assignment, not only followed as *res adjudicata,* but explained and approved.

APPEAL from the Circuit Court for *Outagamie* County. This cause was before this court on the appeal of the defendant *Van Nortwick* from an order of the circuit court overruling his demurrer to the complaint, and is reported in 38

Wis., 279. The complaint contains the contract between the parties upon which the action is founded, and the assignment thereof by the defendants to the Ames Wood Pulp Company, and is sufficiently stated in the report of the case on the former appeal. This court then gave a construction to such contract and assignment.

The defendants have all answered. The substance of their answers, so far as a statement thereof is here necessary, is that the defendants entered into the contract with the plaintiff, for the benefit of the Pulp Company to be thereafter organized, under a parol agreement that, when organized, the company should be subrogated to the rights and liabilities of the defendants, who should thereupon be discharged from all further liability on the contract. The separate answer of the defendant *Van Nortwick* alleges that the plaintiff, as a director of the Pulp Company, demanded that the defendants should assign the contract to the company, procured the assignment to be drawn, and stated to the defendants that its execution by them would fully discharge them from all liability on the contract.

The cause was tried before Moses Hooper, Esq., as referee, whose findings of fact and conclusions of law are as follows:

" 1. I find that the parties made the various written contracts set up in the complaint and answer:

" 2. That on May 14, 1873, the Ames Wood Pulp Co., by direction of defendants, delivered to plaintiff stock as per contract, to the amount of $10,000.

" 3. That plaintiff surrendered his stock in the Ames Wood Pulp Co. on January 15, 1874, as alleged by him.

" 4. That when the assignment of the land contract was made from *Hastings, Van Nortwick* and *Rogers* to the Ames Wood Pulp Co., the assignors expected that they were relieved from their agreement contained in the contract with plaintiff.

" 5. I find that the execution of such assignment was not procured by *Bowen*, except that he made some proper author-

ity from *Hastings, Van Nortwick* and *Rogers* a condition precedent to his making a deed to the company.

" 6. I find that the misconstruction of such assignment by the defendants was not caused by the fraud, or mismanagement, or fault of plaintiff, but that there was a mistake of law of defendants.

" 7. I find that there was no parol agreement between the parties prior to, or at the time of, or subsequent to, the making of the assignment sued on by plaintiff, which should estop or exclude the plaintiff from enforcing the promise on which plaintiff's action is based.

" 8. Neither Ames nor the Ames Wood Pulp Co. was a party to the parol agreement which preceded the making of the contract which plaintiff sues on.

" As conclusions of law I find:

" 1. That the plaintiff became, by virtue of this contract with defendants, and the surrender of his stock January 15, 1874, entitled to have and recover on that day, from defendants, the sum of $10,793.33.

" 2. That such right is not defeated or invalidated by the fact that *Hastings, Van Nortwick* and *Rogers* understood that the assignment by them to the Ames Wood Pulp Co. of the contract sued on released them from their liability.

" 3. That the plaintiff should have judgment against the defendants for the sum of $10,793.33, with the interest thereon from the 15th day of January, 1874, besides the costs of this action."

The circuit court confirmed the report of the referee, and rendered judgment for the plaintiff in accordance therewith. All of the defendants appealed from the judgment.

For the appellants, there were separate briefs by *Collins & Pierce*, their attorneys, and *E. Mariner*, of counsel, and oral argument by *Mr. Collins* and *Mr. Mariner*.

*Chas. W. Felker*, for respondent.

Bowen vs. Hastings and others.

LYON, J.	We think there is sufficient testimony in the case to support the referee's findings of fact.	Hence such findings cannot be disturbed.

If the contract between the parties, and the assignment thereof to the Ames Wood Pulp Company by the defendants, receive the same construction on this appeal that was given them on the appeal of the defendant *Van Nortwick* (38 Wis., 279), it seems clear that the findings of fact fully sustain the referee's conclusions of law and the judgment rendered pursuant thereto.	We are to determine, therefore, whether the contract and assignment must be construed on this appeal the same as on the former appeal.

That each question necessarily determined on that appeal is *res judicata* as to the defendant *Van Nortwick*, by whom the appeal was taken, is perfectly well settled here and elsewhere. *Du Pont v. Davis*, 35 Wis., 631, and cases cited; *Lathrop v. Knapp*, 37 Wis., 312; *Hutchinson v. Railway Co.*, 41 Wis., 541; *Van Valkenburgh v. Milwaukee*, 43 Wis., 574.

On that appeal it was held that the stipulation in the contract by the defendants, to pay the plaintiff a specified sum for the stock of the Pulp Company in case the plaintiff should surrender the same to them within two years, was an independent personal agreement of the defendants, and that the assignment contained nothing which discharged them from liability for its nonperformance.	The contract and assignment were parts of the complaint, and it was necessary to determine their construction and effect in order to determine whether the complaint stated a cause of action.	Hence, it seems clear that the defendant *Van Nortwick* is absolutely concluded by the decision and judgment of the court on his appeal, whether the court adjudged correctly or not, and that as to him the judgment of the circuit court must necessarily be affirmed.

But whether the defendants *Hastings* and *Rogers*, who were not parties to the first appeal, are also concluded by the determination of that appeal, is a more difficult question.	We have

seen no case corresponding with this in its facts; but there are adjudications the principle of which seems applicable to this question. It has frequently been decided that if the holder of a *joint* obligation sues one of the joint obligors alone and recovers, and afterwards sues another joint obligor on the same obligation, the latter may plead the judgment against his coöbligor in bar of the action against him. This is doubtless the common-law rule. *Ward v. Johnson*, 13 Mass., 148; *King v. Hoare*, 13 Mees. & W., 494; *The People v. Harrison*, 82 Ill., 84; Broom's Legal Maxims, 248. These cases go upon the ground that the obligation is merged in or cancelled by the judgment against the obligor first sued, and that because the obligation is joint, and not several, it cannot be divided and stand merged or cancelled as to one, and operative as to another, joint obligor. This is but an application to those cases of the maxim *res judicata pro veritate accipitur.*

Our statutes relating to remedies against joint debtors impliedly recognize the rule of the above cases. Section 2884, R. S., provides that in an action against several persons jointly indebted upon a contract, the plaintiff may proceed against the defendant served, unless the court otherwise direct, and, if he recover judgment, it may be entered in form against all the defendants thus jointly indebted, so far only as it may be enforced against the joint property of all, and the separate property of the defendant served. Section 2795 gives a remedy in such cases by a proceeding in the nature of *scire facias* against the joint debtors not served with process, to require them to show cause why they should not be bound by the judgment in the same manner as if they had been originally summoned.

Had not the legislature supposed that the judgment against the joint debtor served with process would otherwise bar an action on the original contract against those not summoned, it seems to us that the above sections would not have been enacted. If the legislature thought that such a judgment

does not bar an action on the contract against the joint debtors not served with process, it is fair to presume that the plaintiff would have been left to that remedy.

It would seem to result logically from the rule of the cases above cited, that if, in an action on a joint contract in which only one of the joint contractors is summoned, the defendant summoned should successfully defend against the contract, and the court should adjudge it invalid on grounds common to all of the joint contractors, a joint contractor afterwards sued on the same contract may, in like manner, plead such judgment in bar of the action against him.

In *Ward v. Johnson, supra,* it is said that " we know of no principle of law which can authorize us to give separate judgments in an action on a joint contract." And it was said by PARKE, B., in *King v. Hoare, supra,* that " an action on a joint debt, barred against one, is barred altogether; the only exception now being where one has pleaded matter of personal discharge, as bankruptcy and certificate." A release of one joint debtor under certain circumstances, pursuant to our statute, is within the above exception. R. S., 1013, sec. 4204.

It may be observed in this connection, that, while the statute gives process against a joint debtor not summoned, to bind him by a judgment against his codebtor who was summoned, we have no statute giving a remedy against the former, if the contract has been adjudged invalid on the defense of the latter on grounds common to both.

Bearing in mind that in any event judgment must go against the defendant *Van Nortwick,* we are asked to give, not only a separate judgment in respect to the same joint contract, but one in favor of the other joint contractors, when the three stand upon precisely the same ground, sustain the same relation to the contract, and make the same defense thereto. Two judgments on the same joint contract, so anomalous and contradictory — each stultifying the other, — cannot properly be rendered.

This is a stronger case for the application of the doctrine of *res judicata* than those above cited. These joint contractors are all parties to the action, and *Hastings* and *Rogers* had their option to demur to the complaint with *Van Nortwick*, and with him might have taken the opinion of this court on the construction of the contract and assignment.

Our conclusion is, that the construction given to the contract and assignment on *Van Nortwick's* appeal is *res judicata* in the cause, and binds all of the defendants, they being joint contractors only. The foregoing views lead to the affirmance of the judgment.

The opinion on the former appeal only states the conclusions reached by Mr. Justice COLE and myself, the case having been decided by us in the absence of the chief justice. The brevity of the opinion — we fear a somewhat rare fault — is probably censurable. The misuse of the pronoun *its* for *their* in the second paragraph (to which counsel has kindly called our attention, and which the charitable reader will regard as a mere clerical error), we trust will mislead no one. Indeed, we think there should be no difficulty in understanding the opinion, as far as it goes. We did not there say, what perhaps should have been said, that we found no ambiguity in the instruments under consideration, and that we thought the plaintiff was bound by the contract to convey the water-power when he received the stock. The contract required the stock to be delivered to him in thirty days, and it was delivered to him within thirty days from the date of the contract. We were quite unable to perceive how the performance of his covenant to convey the water power, which he became absolutely bound to perform within a month after the contract was made, could defeat his right to surrender his stock to the defendants, which the contract provided he might do at any time within two years thereafter.

We have carefully reviewed the former decision, and are

all agreed that it gives the proper construction to the contract
and assignment.

*By the Court.* — The judgment of the circuit court is
affirmed.