LAUER and others vs. BANDOW, imp.

*February 24 — March 9, 1880.*

*Several actions or judgments against joint debtors.*

1. Judgment against one of several merely *joint* debtors is a bar to a subsequent action against the others, the debt being *merged* in the judgment. *Bowen v. Hastings*, 47 Wis., 232.
2. In an action against husband and wife to enforce a mechanic's lien for the erection of a building on the wife's lot, a personal judgment was obtained against the husband alone, and a lien adjudged upon the wife's house and lot. After reversal of *the latter part* only of the judgment, the circuit court, on affidavits tending to show merely a joint liability of the wife with the husband, without vacating the personal judgment against the husband, permitted the complaint to be amended so as to allege the wife's personal liability, and granted a new trial. *Held*, error.

APPEAL from the Circuit Court for *Portage* County.

This action was brought against *Mrs. Bandow* and her husband to enforce a mechanic's lien for the price of labor performed and materials furnished by the plaintiffs in the erection of a dwelling-house on a certain lot belonging to the wife. A trial of the action resulted in a personal judgment against the defendant husband for a certain sum, and the same was adjudged a lien upon the dwelling-house and lot of the wife. *Mrs. Bandow* appealed from the portion of the judgment affecting her property, and this court reversed the portion appealed from, on the ground that it was unsupported by the complaint. 43 Wis., 556. No appeal was taken from the per-

sonal judgment against the defendant husband. After the cause was remitted to the circuit court, the plaintiffs moved, on affidavits, for leave to amend their complaint so as to allege the personal liability of *Mrs. Bandow* for the debt set forth in the complaint, and for a new trial. The court granted the. motion, and *Mrs. Bandow* appealed from the order.

The cause was submitted for the appellant on the brief of *Jones & Sanborn.*

*H. W. Lee*, for the respondents.

LYON, J. The order from which this appeal was taken does not purport to set aside the personal judgment against the defendant Frederick A. Bandow. That judgment remains in full force, and the action as to him is finally determined. The order under consideration opens the case as to the appellant, *Mrs. Bandow*, and allows the plaintiffs to prosecute their original claim against her alone. It seems to us that there is an insuperable obstacle to such a proceeding. The affidavits upon which the order was made, show at most that *Mrs. Bandow* was jointly indebted with her husband to the plaintiffs for the labor and materials mentioned in the complaint. It is perfectly well settled, that if the holder of a joint debt or obligation sues one of the joint debtors and obtains judgment thereon against him, and then sues another of the joint debtors for the same debt or obligation, the latter may plead such judgment against his co-debtor and bar the action. This is so because the joint debt is merged in the judgment against the debtor first sued, and, being indivisible, it cannot be merged or cancelled as to one, and existing and operative as to another joint debtor. *Bowen v. Hastings*, 47 Wis., 232, and cases cited.

This rule is applicable to the present case; for, manifestly, *Mrs. Bandow* is in the same position she would have occupied had the plaintiffs brought suit against her husband alone, and prosecuted it to judgment, and then brought their action

against her to charge her with the alleged joint liability. Although in form she was sued jointly with her husband, the original complaint failed to state a cause of action against her, and this proceeding is, in substance and effect, the commencement of a new action against her. But whether it be a new action or a continuation of the original suit, in either case the joint debt is merged in the judgment against the husband, and there is no cause of action remaining against *Mrs. Bandow.*

We perceive no escape from the conclusion that the order was improperly granted.

*By the Court.*— Order reversed.