# CASES DETERMINED

AT THE

## *January Term, 1896.*

92   15
93  669

KEITH BROTHERS & Co., Appellant, vs. STILES, imp., Respondent.

*September 27, 1895 — January 7, 1896.*

(1) *Foreign judgment: Authentication.* (2–4) *Partnership: Judgment against one partner, when releases others: Nonresidents: Evidence: Mistake in name.* (5) *Service of summons: Return.* (6–10) *Costs: Items allowable.*

1. Where the judge of a court of record in another state is also *ex officio* clerk thereof, its judgment may be authenticated, under sec. 905, R. S. of U. S., by a single certificate in proper form signed by him in each capacity.

2. A judgment against one partner for a firm debt releases the other partners so that no new action can be maintained upon it against them, unless they were nonresidents and so situated that service could not be had upon them in the state in which such judgment was recovered.

3. The burden of proving nonresidency in such a case is upon the party asserting it; and it is not shown by the return of the sheriff of the county in which the original action was brought that a defendant was "not found" in said county.

4. A mistake, in the original action, in the Christian name of one of the partners upon whom the summons was not served does not in any way alter the effect of the judgment as a release of another partner upon whom there was no service.

5. The return upon a summons to the effect that it was served upon J. D. M. on May 1, and upon J. M. on May 2, by delivering to and leaving with them a certified copy thereof, sufficiently shows that a copy was delivered to each of said defendants.

6. Where leave to amend his answer is granted as a favor to a defendant no allowance should be made to him, in the taxation of costs, for the amended answer or for the notice of motion for leave to amend, or for the affidavit on which such motion was founded.

7. A term fee was properly allowed, in the taxation of costs, for a term at which the successful party had obtained a continuance on terms.

8. The state suit tax is not a proper item in the defendant's bill of costs.

9. Witness fees of a nominal party to the action, who has but slight, if any, interest in the result, are properly taxable.

10. The cost of the exemplification of the record of a foreign judgment, important in the case, is properly taxable.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed, except as to costs.*

*Keith Bros. & Co.*, an Illinois corporation, was a creditor of the firm of Martin, Stiles & Co., of Odell, Nebraska. The firm comprised Charles H. Martin, *Frank Stiles*, and James Myers. This action is brought in form against all the members of the firm, but there was service of summons upon *Stiles* alone. He alleged in defense a former judgment, in the county court of Gage county, Nebraska, in form against all the partners, with service of summons upon Myers alone. There was objection to the form of the exemplification of the record of this judgment. It was as follows (after venue):

"I, W. S. Bonane, county judge in and for said county, do hereby certify that the above and foregoing hereto attached are true and perfect copies of the petition, summons, and exhibits, being all of the files in the case of *Keith Bros. & Co.*, a corporation organized under the laws of Illinois, is plaintiff, and Henry Martin, *Frank Stiles*, and James Myers, a firm of partners doing business as Martin, Stiles & Co., and James D. Myers, defendants. I further certify that I am sole and only presiding judge and *ex officio* clerk of said court, and that this certificate is in due form of law."

The certificate is signed by the judge as both judge and clerk, and sealed with the seal of the court.   The defendant also set up in defense a release in writing by the plaintiff of its claim as against him.   This release was attempted to be proved by oral testimony, after some testimony tending to show that the defendant had not been able to find the writing.

There was finding and judgment for the defendant, on the ground of a written release, from which the plaintiff appeals.

*E. V. Briesen,* attorney, and *A. R. Bushnell,* of counsel, for the appellant.

*W. G. Coles,* for the respondent.

The following opinion was filed October 22, 1895:

NEWMAN, J.   The record of the Nebraska judgment seems to be exemplified in conformity with the provisions of the act of Congress in that behalf.   R. S. of U. S. sec. 905.   It was competent, under that provision, to prove the record " by the attestation of the clerk and the seal of the court annexed,  .  .  .   together with a certificate of the judge .  .  .   that the said attestation is in due form."   All this is included in the certificate.   The fact that the judge is also *ex officio* clerk as well does not render the judgment incapable of exemplification under that statute.   When the judge is also *ex officio* clerk, no doubt he must certify in each capacity.   Abb. Tr. Ev. 542, and cases cited.   That was done in this case. ˙ It is a matter of form, rather than of substance, whether the certification shall be by two separate certificates or comprised in one.   The proof of the Nebraska judgment is in the record, and the fact of its existence is undisputed on the evidence, so that it may fairly be considered a part of the finding, though not formally included in it.   *Murphey v. Weil,* 89 Wis. 146.

Since partnership contracts are to be considered as joint merely, and not joint and several (17 Am. & Eng. Ency. of

Law, 1062, and cases cited in note 6), a judgment against one partner for a firm debt releases the other partners, so that no new action can be maintained against them upon it. *Bowen v. Hastings*, 47 Wis. 232; *Lauer v. Bandow*, 48 Wis. 638; 15 Am. & Eng. Ency. of Law, 344, and cases cited in note 6; 1 Bates, Partn. sec. 535, and cases cited in note 3. If it were a domestic judgment, the only remedy against the partners not served would seem to be under secs. 2795, 2884, R. S. of Wis., in the same action. *Lauer v. Bandow, supra.* Whether there is a similar remedy under the laws of Nebraska, it is useless here to inquire.

The judgment is right, on this ground at least, and is affirmed.

But the appellant also complains of certain items of costs as being improperly taxed against him: (1) The respondent was permitted to amend his answer on terms. He has charged, and there is allowed to him in the taxation of costs, the fees allowed by the statute for drawing his amended answer, and for copies of it, as well as for his notice of motion for leave to amend, with copies, and for drawing the affidavit on which the motion was founded. The motion granted and leave to amend given was in the nature of a favor to him, and could not properly be at the expense of the opposite party. *Marlett v. Docter*, 89 Wis. 347. Certainly, the order did not require the respondent to pay this or any part of the expense of the amendment. These items should not have been included in the respondent's bill of costs. (2) There was also a charge of $2 as a term fee for a term at which the cause was continued for respondent on terms. The taxable costs of the term are $10 and witness fees. Circuit Court Rule XX, sec. 3; R. S. sec. 2923. It does not include this item, which was not in fact paid, and so was properly chargeable in the taxation of costs. (3) The bill of costs, as taxed, includes the item of $1 as suit tax. This item could never be due to, or properly recoverable by, the defendant

in the action.   (4) Witness fees for James Myers were taxed. This is complained of.   But Myers was only a nominal party to the action, and had but slight, if any, interest in the result.   His witness fee was a proper item.   (5) A charge for the cost of the exemplification of the record of the Nebraska judgment is objected to.   This record was important, and its cost was properly taxable.   For these errors the taxation of costs must be reversed, and the costs retaxed.

*By the Court.*— The judgment is reversed as to costs, which must be retaxed.   In all other respects the judgment is affirmed.   The respondent must pay the fees of the clerk of this court.   No other costs are to be taxed against him.

The following opinion was filed January 7, 1896:

Newman, J.   The appellant moves for a rehearing on three grounds: (1) That the record fails to show that the Nebraska court obtained jurisdiction over the defendants Myers by service of summons on them, and so that the judgment is void and not a release of the defendant *Stiles;* (2) that the defendant Martin is named in the Nebraska judgment by a different Christian name than the one used in this action; and (3) that when that action was commenced the defendant *Stiles* was a nonresident of the state of Nebraska and jurisdiction of him could not be obtained in that state, and that such a case is a recognized exception to the rule applied by the court.

1. The return of the sheriff upon the summons in the Nebraska suit is to the effect that the summons was served upon James D. Myers on May 1, 1893, and upon James Myers on May 2, 1893, by delivering to and leaving with them a certified copy thereof.   The criticism of the return is that it fails to show that a copy was delivered to *each* of such defendants.   It is a question of what the whole return fairly means, as applied to this one thought.   Does it fairly import that a copy was delivered to *each?*   The sheriff says

that he served it upon James D. Myers on May 1st.   He did not serve it unless he delivered a copy personally.   R. S. sec. 2636, subd. 4.   He says that he served it upon James Myers on the 2d of May.   Unless he delivered a copy to James Myers he did not and could not have served it upon him.   The sheriff further describes the manner of service as "by delivering to and leaving with" the said James D. Myers and James Myers "a certified copy," etc.   It seems clear that the whole return, taken together, clearly imports that a copy was delivered to each defendant.   That is sufficient.   Practical certainty is all that can be required in such matters.

2. It can make no difference with the liability of the defendant *Stiles* in this action by what name the defendant Martin was attempted to be sued in the Nebraska court, or whether he was made a party defendant at all.   It is not questioned that the obligation on which that judgment was obtained is the same joint obligation upon which this suit against *Stiles* is based.   The judgment would not be void as against Martin merely for such a mistake in his name, and such a mistake could have no possible effect upon the rights or liabilities of *Stiles*.

3. It is not doubted that, if the defendant *Stiles* was in truth not a resident of Nebraska nor so situated as that service upon him in that state could be had, then his case is not within the rule upon which the court has decided it.   In such a case the rule has no application.   15 Am. & Eng. Ency. of Law, 345, and cases cited in note 2.   But, in truth, there is nothing found in the record to show that the defendant *Stiles* was a nonresident of the state of Nebraska. He had recently been engaged in business there.   It does appear, by the sheriff's return, that he was "not found" in Gage county.   That is all.   Doubtless, the burden of showing that the case is within the exception and without the rule is upon the party who asserts such exception.

*By the Court.*— The motion for a rehearing is denied.