DYKSTRA, Administratrix, Respondent, vs. HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant.

*May 16—June 21, 1938.*

For the appellant there was a brief by *La France & Brown* and *Wilbershide & Baumblatt,* attorneys, and *Alfred E. La France* and *J. C. Wilbershide* of counsel, all of Racine, and oral argument by *Mr. La France.*

For the respondent there was a brief by *Foley & Brach,* attorneys, and *Robert Burgess* of counsel, all of Racine, and oral argument by *Mr. Burgess.*

FAIRCHILD, J. From the pleadings it appears that prior to the commencement of this action a final judgment was entered against the Hartford Accident & Indemnity Company upon its bond, in accordance with the statute, which provides that judgment in replevin may be entered against both principal and surety, sec. 270.60, Stats. The theory upon which such judgments have been sustained is that the surety company, when it signs the replevin bond, in effect consents that if judgment is entered against the principal, it may also be entered against the surety. *Pratt v. Donovan* (1860), 10 Wis. *378, *382; *Holden v. Curry* (1893), 85 Wis. 504, 55 N. W. 965; *Meyer v. Barth* (1897), 97 Wis. 352, 72 N. W. 748. Judgment having been entered against the Hartford Accident & Indemnity Company upon the bond, the cause of action thereupon was merged in the judgment, and the present action cannot be maintained. *Rusk v. Sackett* (1871), 28 Wis. 400; *Conlee v. Love* (1928), 178 Ark. 238, 10 S. W. (2d) 372.

Although this question of merger was not raised in the argument or briefs, we are satisfied that the present appeal must be disposed of upon that theory, and that the rights of the parties must be determined under the judgment entered in the replevin action. We do not, therefore, reach the question whether the mistake, if mistake there was in the description of the property replevined, may be corrected in a proper proceeding.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action.