. EBENREITER, Appellant, vs. WOULF, Administrator, Respondent.

*November 4—December 2, 1941.*

For the appellant there was a brief by *Lehner & Lehner,* *Adolph P. Lehner,* and *Howard Eslien,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

*Emmet McCarthy* of Marinette, for the respondent.

FRITZ, J.   This is an appeal from a judgment dismissing the complaint in an action for conversion brought by the plaintiff, Ruth Ebenreiter, against Arthur Woulf, individually and as administrator of the estate of Henry Von Nobel, deceased, to recover the contract price specified for items of farm equipment, livestock, poultry, and hay in conditional sales contracts entered into between Von Nobel and Ruth Ebenreiter. The contracts were duly filed in Marinette county where the property was kept on Von Nobel's farm.   After his death in 1938 and the appointment of the defendant Woulf as administrator of his estate by the county court of Marinette county, Woulf took possession of the personal property.   He petitioned the county court for leave to sell the personal property and on April 14, 1938, the court made an *ex parte* order authorizing the sale.   Thereupon Woulf sold the property involved herein, with the exception of hay which was fed to the livestock on the farm.   Woulf fully accounted for the proceeds of the sale in the probate proceedings.

Plaintiff charges that the sale of some of the property and the use of the hay constituted the conversion thereof to her damage in the sum of $686.30, which is the total of the purchase prices specified in the conditional sales contracts for the items of property charged to have been converted.   Upon the trial of this action it was proven that in the administration proceedings plaintiff had duly filed a claim for $932.75, which was the total of the contract prices specified for all items of property sold under the sales contracts, including the items for which plaintiff seeks to recover herein.   On September 30, 1938, the county court allowed her claim for the entire sum of $932.75, as filed by her, and a provision for her recovery of

that amount was included in the judgment on claims entered on November 13, 1940, in relation to all claims similarly allowed.

Upon these facts the circuit court concluded that plaintiff elected her remedy by filing her claim in the county court to recover the prices specified in the conditional sales contracts for all property sold thereunder, and by prosecuting her claim therefor to judgment against the estate in the county court; that she thereby had her day in county court on the identical claim made in this action, and is estopped from prosecuting this action; that the defendant individually committed no conversion of plaintiff's goods; and that plaintiff's complaint must be dismissed.

On this appeal from the judgment entered accordingly, plaintiff contends that the defendant had notice that she was owner of the property in question and that his use of the hay to feed the cattle and his sales of other items of property constituted conversion thereof; that she did not waive her security; and that she was neither estopped by her conduct from prosecuting this action, nor deprived thereby of her security. On the other hand, defendant contends that the county court judgment allowing the claim filed by plaintiff at the identical contract prices for each item of property that she seeks to recover in this action for the conversion thereof is a complete bar to the recovery of a second money judgment for that contract price, as damages for conversion of those same items of property; that the plaintiff could have but one satisfaction of such money judgments, to wit, the larger judgment entered in the county court; and that her claim to recover herein the identical contract price as such damages has become and must be held merged in the county court judgment. These contentions must be sustained.

In this action to recover damages for the alleged conversion plaintiff seeks a money judgment for the identical amounts that constituted the contract prices of the same property as to

which she filed a claim and has recovered judgment in the county court. Inasmuch as there is included in that judgment the recovery in her favor of the identical sum for which she claims the right to recover a money judgment also in this action for conversion, the circuit court rightly concluded that her claim had become merged in the county court judgment. *Jameson v. Barber,* 56 Wis. 630, 633, 14 N. W. 859. See also *Barth v. Loeffelholtz,* 108 Wis. 562, 568 *et seq.,* 84 N. W. 846; *Rusk v. Sackett,* 28 Wis. 400, 403; *Lauer v. Bandow,* 48 Wis. 638, 4 N. W. 774; *Dykstra v. Hartford Accident & Indemnity Co.* 228 Wis. 269, 280 N. W. 324; *Caylus v. N. Y., K. & S. R. Co.* 76 N. Y. 609; *Union R. R. & T. Co. v. Traube,* 59 Mo. 355. Although, as plaintiff contends, the presentation and allowance of a claim against the estate of a decedent for payment out of the general assets, does not operate ordinarily as a waiver or release of a lien or other security for the payment thereof (*Graham v. Perry,* 200 Wis. 211, 228 N. W. 135; 21 Am. Jur. p. 602, § 388), the fact that the judgment in the county court awards a recovery for the full amount of the identical money demand on account of the same property that plaintiff seeks to recover in the conversion action renders the doctrine of merger applicable. In *Barth v. Loeffelholtz, supra,* it was contended that a cause of action against one Koetting to recover a deposit of money induced by his fraudulent representations as to solvency of a bank, in which he and one Trumpff were partners, had become merged in a judgment against both of them in another action brought to recover the same amount on their contract liability to pay plaintiff the amount of the deposit. In sustaining that contention the court said,—

"As good an illustration as can be found in the books of the situation where the doctrine of merger applies is *Caylus v. N. Y., K. & S. R. Co.* 76 N. Y. 609. . . . The situation there presented was this: After recovering judgment against the debtor for the full amount due for goods sold on credit, a

second action was commenced against him for damages for fraudulently inducing plaintiff to make the sale. The decision was to the effect that, the parties in both actions being identical, and the first judgment being for the full amount plaintiff could in any event recover, it was in the power of the court to treat all consistent remedies to effect such recovery as merged in the one adopted. . . . From the foregoing we may deduce this conclusion: The doctrine of merger applies only where the situation is the reverse of that which is ruled by the law as regards the election of remedies, though the legal effect is the same, *i. e.,* to confine the plaintiff to a single remedy. In the latter situation the remedies are always inconsistent; in the former always consistent. In the latter there can be but one remedy resorted to though there be several at the start, because, while each of them stands for a specific right, the several rights are alternatives. In the former, one can have but the single remedy, because, though there are several remedies standing for concurrent rights in form, the enforcement of one reasonably covering the entire field, by a rule of judicial policy, draws to it and absorbs the others, such policy being a species of equitable interference with legal remedies where they are uselessly multiplied. . . . It would seem that the conclusion that must follow from the foregoing is plain. Identity of parties in the two actions commenced by defendants does not exist. The charge of fraud was against Koetting alone. Both actions recognized the relation of debtor and creditor between defendants and Koetting and Trumpff. Neither repudiates or is inconsistent with the contract between such parties. The remedies pursued in the two actions are perfectly consistent. Koetting could not plead the judgment in the second action in bar as a defense to the first. The general rule and not the exception, the doctrine of merger contended for by appellant's counsel, applies."

*By the Court.*—Judgment affirmed.