The First Nat'l Bank of Ind'polis *v.* The Indianapolis Piano Manuf'g Co. *et al.*

is necessary that a transfer should be made on the books of the company. It enables the company to know who are its stockholders, and it places the legal title to the stock in him in whose name it stands on the company's books.

The judgment below is affirmed. with costs.

PETTIT, J., was absent.

———•———

THE FIRST NATIONAL BANK OF INDIANAPOLIS *v.* THE INDIANAPOLIS PIANO MANUFACTURING CO. ET AL.

MERGER.—*Judgment.*—*Satisfaction.*—Where several judgments have been rendered against parties jointly and severally liable on the same obligation, and one of the judgments has been paid, such payment is a satisfaction of all the judgments, except as to costs; and when suits are still being prosecuted against some of the parties liable, the payment of such judgment may be pleaded in bar of the further maintenance of the pending actions.

From the Marion Civil Circuit Court.

*J. T. Dye* and *A. C. Harris*, for appellant.

*J. Hanna* and *F. Knefler*, for appellees.

DOWNEY, C. J.—The pleadings in this case need not be set out, in order to present the only question in the case. There is a special finding contained in the record, but there does not appear to have been any exception to the conclusion of law, for which reason no question is presented by it. The question in the case, which is presented by demurrer to the answers, is this: The Piano Company made two notes payable in bank, to J. George Stilz, which were endorsed at their date, by J. C. Geisendorff & Co., and by C. E. Geisendorff & Co. The notes provided for the payment of attorney's fees if suit should be instituted on them. Stilz indorsed the notes to the appellant. The appellant, after the maturity of the notes, brought its action upon them against all the parties, as it had a right to do, alleging that a reasonable attorney's fee would be two hundred dollars. After certain steps had

been taken in the cause and certain pleadings filed, the plaintiff struck out of the complaint its claim for attorney's fees, the court, on motion of the plaintiff, struck out the answer of the Piano Company, and judgment was thereupon rendered against that company for the full amount due on both of the notes, but nothing for attorney's fees. The Piano Company appealed from this judgment, and the appeal was disposed of in 33 Ind. 302. After this the Piano Company paid the judgment in full. Still later, the case being yet pending in the circuit court against the other defendants, the plaintiff amended the complaint so as to set up and claim a several judgment against them, with a view to the recovery of the attorney's fees. They pleaded the rendition and payment of the judgment against the Piano Company as a bar to any judgment against them. On demurrer their answers were held good, and thus the question is presented.

Counsel for appellant state the question thus: "The question is, whether when suit is brought against several defendants upon a several contract, to enforce their several obligations, the taking of a separate judgment against one of the several defendants for less than the whole amount due, and the satisfaction of such judgment, merges, discharges, or extinguishes the several obligations of the other defendants for the amount of said debt remaining unpaid."

The plaintiff, having taken a several judgment against one of the parties jointly and severally liable on the paper, had a right, at least in the absence of any objection, to so amend its complaint as to claim a several judgment against each of the others. 2 G. & H. 217, sec. 366. In cases where parties to paper are severally as well as jointly liable, the plaintiff is entitled to a several judgment against each of them, but he can have but one satisfaction. The payment of one of the judgments is a satisfaction of all of them, unless it may be as to the costs recovered. The plaintiff had a cause of action to recover the amount of his debt and his attorney's fee. These did not constitute separate causes of action, but were one cause of action. *Secor* v. *Sturgis*, 16 N. Y. 548;

*Crosby* v. *Jeroloman*, 37 Ind. 264. When a plaintiff has recovered a judgment, unless the contrary appear, it must be held that the amount of his recovery is commensurate with the cause of action upon which it is founded. In this case the plaintiff could not have sued the Piano Company again to recover the attorney's fee. The judgment merged the whole cause of action, and when it was paid, the whole claim or cause of action of the plaintiff was satisfied. It is not the recovery of the judgment alone which constitutes a bar to an action against another of the parties severally liable on the same cause of action, but it is the recovery of the judgment and the payment of it together, which constitute the bar. *Ewing* v. *Ford*, 1 A. K. Mar. 457; *Ayrey* v. *Davenport*, 5 B. & P. 474. Had the plaintiff sued or proceeded against another of the parties severally liable before the judgment against the other had been paid, we do not see any reason why the recovery might not have been for the amount of the debt and also the attorney's fee, for the several judgments upon the same cause of action need not necessarily be for the same amount. If there could be but one recovery, it would be in vain to say that the plaintiff might have several actions. But it is quite plain that there may be as many actions and judgments as there are parties severally liable. But when one judgment on such a cause of action, which embraces or merges the whole cause of action, has been paid, it is a satisfaction of all the judgments, except as to the costs; and if the judgment rendered has been paid before another action on such liability has been commenced, or while it is being prosecuted, such satisfaction may be pleaded in bar of such other action, or in bar of the further maintenance of the action already commenced.

The judgment is affirmed, with costs.

PETTIT, J., was absent.