DILL vs. WHITE.

*May 11 — June 4, 1881.*

CONTRACTS. *(1) When joint and several. (2) Remedy against one of joint and several contractors, not served.*

1. A promissory note in the form, "I promise to pay," etc., signed by two or more persons, is *joint and several*.
2. The remedy provided by statute against a joint debtor not served, after judgment against the other joint debtors (R. S., secs. 2795–7), has no application to joint *and several* debtors.

APPEAL from the Circuit Court for *Pierce* County.

On September 6, 1873, the plaintiff, brought an action against H. Felt and the appellant, *J. S. White*, upon a promissory note, of which the following is a copy:

"$210.50.                    PRESCOTT, Wis., 5/8, 1867.

"Four months after date I promise to pay to the order of

*George A. Dill*, for value received, two hundred and ten and fifty one-hundredths dollars, at City Bank of Prescott.

"H. FELT,

"J. S. WHITE."

The summons was served upon Felt, and the action proceeded to judgment without service thereof upon *White*. The judgment is in the form prescribed by statute in an action on a joint obligation, where one or more of the joint debtors has not been served. R. S. of 1858, ch. 124, sec. 11; R. S., 764, sec. 2884.

The present proceeding was instituted under R. S., 761, secs. 2795–9, to bind *White* by the judgment in the same manner as if he had been originally summoned. The circuit court held that he was so bound, and gave judgment accordingly in the form prescribed by section 2797. From this judgment *White* appealed.

The cause was submitted on the brief of *J. S. White* for the appellant, and that of *E. H. Ives* for the respondent.

LYON, J. The note upon which the action against Felt and the appellant, *White*, was brought, is their joint and several note. Edwards on Bills and Notes, 681. Hence the plaintiff, having failed to obtain service upon *White* in that action, could have proceeded to judgment against Felt alone, and might have brought a separate action on the note against *White*. The statute under which the present proceeding against the appellant was prosecuted (R. S., sec. 2795), has no application whatever to contracts or obligations which are several as well as joint, but only to those which are joint and not several. At the common law, if the plaintiff in an action on a joint obligation failed to obtain service of process on one of the joint debtors, and proceeded to judgment against those served, his remedy was gone against the debtor not served, because the obligation was indivisible, and had become merged in the judgment, and there was nothing left upon which he could

predicate another action. The statute was enacted to give the plaintiff a remedy in such a case against the joint debtor not served. It does not give an action on the original joint obligation, because that is merged in the judgment against the joint debtor or debtors served with process; but it gives a proceeding in the nature of *scire facias* against the joint debtor not served, which may result in holding him bound by the judgment in the same manner as if he had been originally summoned. But if the obligation is several, as well as joint, it is divisible, and the judgment upon it against one debtor does not merge the several obligation of another debtor not summoned. That remains, and the plaintiff may bring another action upon it against the latter; but in such a case the statute does not give the plaintiff the remedy therein prescribed, in addition to his common-law right of action on the original debt. In short, the joint debtors of the statute are those who are jointly and not severally liable for the same debt. We refer to *Bowen v. Hastings*, 47 Wis., 232, for a further discussion of this general subject. See also *Lauer v. Bandow*, 48 Wis., 638.

*By the Court.*— The judgment is reversed, and the cause remanded with directions to the circuit court to dismiss the proceeding.