JAMESON VS. BARBER.

*November 29, 1882 — January 30, 1883.*

ESTATES OF DECEDENTS. *(1) Allowance of claim a judgment.*
CONTRACTS. *(2, 3) Joint and several liability: judgment: discharge.*

1. The allowance, by a county court, of a claim against a deceased person is to all intents and purposes a judgment of record, except that execution cannot issue thereon; and the claim, whether of account or note, is merged therein.

2. Full payment and satisfaction of a judgment for the whole debt against one of several persons jointly and severally liable for such debt operates as a discharge of all.

3. So, where A. and B. were jointly and severally liable on a note which was to bear "ten per cent. interest until paid," and, after A.'s death, the county court allowed a claim for the balance due on the note, it is *held* (1) that such allowance was a judgment which merged the note and which would bear interest at the rate of seven per cent. only; and (2) that the full payment and discharge of such judgment at any time thereafter, with interest at the rate of seven per cent., would operate as a discharge of B. from all liability on the note.

CASSODAY, J., dissents, holding that the allowance of the claim did not merge the several liability of B. to pay the note with ten per cent. interest, and that the payment of the judgment would operate only as a satisfaction *pro tanto* of such liability of B.

APPEAL from the Circuit Court for *Waukesha* County. The facts are stated in the opinion. The note in suit was in the form, "*I* promise to pay," etc. The circuit court directed a verdict for the defendant, *Silas Barber*, and from the judgment entered thereon the plaintiff appealed.

For the appellant there were briefs signed by *Geo. P. Miller*, of counsel, and oral argument by *B. K. Miller, Jr.* They argued, *inter alia*, that the allowance of the claim, though partaking of many of the features of a judgment, is not in a strict sense a judgment. *Louis v. Triscony*, 58 Cal., 305. When two persons are jointly and severally liable on a contract, judgment against one is no merger and no bar to

suit against the other. *Dill v. White*, 52 Wis., 456; *Harlan v. Berry*, 4 Greene (Iowa), 212; *McReady v. Rogers*, 1 Neb., 124; *Elliot v. Porter*, 5 Dana, 299; *U. S. v. Cushman*, 2 Sumn., 426; *King v. Hoare*, 13 Meeson & W., 504; *Hix v. Davis*, 68 N. C., 233; Freeman on Judgments, sec. 235; *Kendall v. Hamilton*, 20 Am. L. Reg., 527, 528, note.

For the respondent the cause was submitted on the brief of *A. Cook*.

ORTON, J. On the 17th day of March, 1873, one Manville Barber and the defendant gave to the plaintiff their joint and several note for the sum of $2,500, payable one year after date, "with interest at the rate of ten per cent. per annum after date until paid." Soon after the giving of the note, Manville Barber died, and the defendant was appointed sole executor of his estate, and this note having been presented as a claim against the estate, it was duly allowed and adjudged as such on the 31st day of October, 1874, by the county court of Waukesha county, having jurisdiction thereof. Afterwards payments were made thereon from time to time, and finally, on the 8th day of April, 1880, the balance, consisting of what remained unpaid of the judgment, and interest thereon at seven per cent., was paid, and a receipt was given therefor by the plaintiff, which, by a condition therein, was to be "in full for his claim against said estate if it should be duly adjudged and determined, on final appeal to the supreme court, that the said sum of $2,500 draw interest only at the rate of seven per cent. from the time of such allowance." This suit is brought to recover the balance of said note, computing the interest thereon at the rate of ten per cent., deducting only the actual amount paid on the claim so allowed against the estate of Manville Barber, deceased.

The answer substantially sets up these facts, and also that the defendant was *surety* only on said note, in bar of this

action, and on the trial the plaintiff objected to proof of such facts on the ground that they would be no defense to the action, and the circuit court overruled said objection. The plaintiff thereupon admitted such facts to be true, excepting only that the defendant was surety only as alleged in the answer, and on such admission alone the court directed a verdict for the defendant. This peculiar condition in the receipt, submitting the question to this court whether said allowed claims should bear lawfully only seven per cent. interest, if it is of any force whatever in this record, is as well performed, perhaps, by the determination of that question on this appeal as on any; and besides, this question is directly presented upon the record as an error of law by the circuit court in holding that such allowed claim bore only seven per cent. interest since its allowance by the county court. There was no evidence, and it was not admitted, that the defendant was only a surety on the note. In our view of the law it would make no difference whether he was a mere surety or a joint and several maker with Manville Barber, deceased, so far as his legal right on this record is concerned to interpose this defense. If the note, after its allowance by the county court as a claim against the estate of Manville Barber, deceased, became merged in such judgment so as to make the judgment or allowance bear only seven per cent. interest, then it follows as an undisputed fact that the entire claim against the estate on account of this note was fully paid, discharged, and satisfied.

Only two questions, therefore, are presented in this case: (1) Did this claim after its allowance bear legally only seven per cent. interest? (2) Did such payment and satisfaction discharge the defendant as the other joint and several maker of the note?

It is the opinion of a majority of this court that such allowance was a judgment and bore only seven per cent. interest, and that its full payment and satisfaction by the

executor of the estate of Manville Barber, deceased, discharged this defendant from any further liability to the plaintiff on the note, and that the facts admitted in the defense were a bar to the action, and that the circuit court, therefore, properly directed a verdict for the defendant.

The statute provides that such a claim, when duly allowed, " shall be recorded and stand as the judgment of the court." Sec. 3842, R. S.   In *Price v. Dietrich*, 12 Wis., 626; *Bank v. Kidder*, 20 Vt., 519; and in *Rix v. Nevins*, 26 Vt., 389, it is held that such a judgment has the same force and effect of other judgments, except as to the manner of collection; and in *Mitchell v. Mayo*, 16 Ill., 83, it is held to the same effect, and further, that such a judgment would bear only the common and lawful rate of interest (in that state) of six per cent. after the rendition thereof.   There is no question but that such an allowance by the county court is to all intents and purposes a judgment of record, excepting that an execution cannot be issued thereon.   The claim, whether of account or note, is *merged* therein, and, so far as the estate is concerned, it is extinguished thereby, and that such allowance is a full, complete, and final adjudication thereof, as in cases in other courts having jurisdiction thereof, and that the maxim *transit in rem judicatam* is as applicable as in other cases.

The common lawful interest without contract is seven per cent.   Sec. 1688, R. S.   It is directed that on execution upon ordinary judgments " for the recovery of money, that *interest* shall be collected on the amount recovered from the date of the rendition thereof until such amount is paid."   Subd. 8, sec. 2969, R. S.   In sec. 3164, R. S., there is special provision for interest on judgments of foreclosure at ten per cent., and it is only by virtue of this section that such a judgment would bear over seven per cent. interest.   *Ex vi termini* and its express provision in such a case would exclude all other cases. The statute seems plain enough, but it has been expressly

ruled upon by this court; or, rather, seven per cent. on common judgments has been recognized as the lawful rate. *Booth v. Ableman*, 20 Wis., 602; *Williams v. Troop*, 17 Wis., 463. In this last case even a stipulation to pay twelve per cent. on the judgment by the administrator was held not to bind the estate.

It follows, therefore, that the judgment of the county court in which this note was merged, so far as the plaintiff is concerned, was fully paid and satisfied; and this brings us to the last question, Was this defendant thereby discharged from any further liability on the note? This question appears not to have been specially considered by the learned counsel of the appellant, but by courtesy to the eminent counsel, and believing that their contention in defense is candid and sincere, we have considered it more at length than was perhaps necessary, especially as the question has once been decided by this court in language which ought not to be misunderstood.

In *Sherman v. Brett*, 7 Wis., 141, it is said in the opinion: "It presents the not unusual case of a separate judgment against several persons liable in the same action. The rule of law in such cases is so clear that authorities need not be quoted for its exemplification. *There can be but one satisfaction,* but all of the judgment debtors are liable up to the point of satisfaction, and to reasonable costs in the prosecution of appropriate remedies." This authority would seem to be in point and to rule this case. The plaintiff had obtained separate judgments against the defendant and three others for the same cause of action, and, on execution against one of them, property of a large amount and greatly in excess of the judgment was levied upon, and on the payment of a small amount in money the levy was released by direction of the plaintiff. The judgment against that defendant was held thereby satisfied, and, by reason thereof, the judgment against the defendant in the action was also satisfied, and the order

of the circuit court releasing the levy of the execution thereon, and satisfying said execution and discharging the judgment, was affirmed. No authorities are cited to sustain this decision, but, upon a somewhat careful reading of the authorities, I think I may safely say that they are so unanimous in its favor as to have made the principle an *axiom*, that the full payment and satisfaction of a judgment for the whole debt against one of several persons jointly and severally liable for the same debt, operates as a discharge of all of them.

It is true, the plaintiff here does not claim to recover for the whole original claim, but only the excess over and above the allowance of the county court, and the seven per cent. interest thereon since, computing the interest at ten per cent. on the note at the time of the judgment; or, as we understand from the meager details of the case, the plaintiff asks judgment for the excess of three per cent. over what was paid on the judgment of the county court, and interest thereon at the rate of ten per cent. In any view, the principle is the same. The judgment of the county court was for the whole note and interest, and that judgment has been fully paid and satisfied, including interest thereon according to law. As soon as that judgment was paid, the estate had the only surviving right of action against this defendant, as a joint and several maker with the deceased, for contribution, and that right is also based upon the satisfaction of the entire claim of the plaintiff.

Would the plaintiff's right have been different if the judgment of the county court had been paid immediately on its rendition, with the full ten per cent. interest upon the note? Could he in such case delay suit against the other joint and several maker for nearly six years, and then bring his action for the interest on the note at the rate of ten per cent., which had accumulated since?

This case is the same as if Manville Barber had been alive, and the plaintiff in 1874 had sued him on this note separately, and had obtained judgment, with the ten per cent. interest included, and had allowed the judgment to stand for six years at interest at seven per cent., and had then received from Manville Barber the entire judgment, interest, and costs. Could he, in such a case, afterwards sustain an action against this defendant as one of the joint and several makers of the note? Suppose A. take a joint and several note of B., C., D., and E., drawing ten per cent. interest, and when due sues B. and recovers judgment, and then waits a year and sues C. and recovers judgment, and then waits another year and sues D. and recovers judgment, and then after another year sues E. and recovers judgment against him (and all this he may do according to the authorities), A. then has the option to collect the last judgment and the whole of it, and would thereby receive more on account of interest than if he should collect the first one; and, in such a case, no one would contend that after he had received full payment and satisfaction of the last judgment he could proceed further upon any of the other judgments. They would all be discharged, so far as A. is concerned, but E., having paid the judgment against himself, could at once sue B., C., and D. for contribution, and recover of each one fourth of the whole amount, and each one would have more to pay than if A. had collected the first, second, or third judgment, and the one paying it should sue for contribution. This loss might, however, have been avoided by the payment of the first judgment, and then all would have been discharged; for no one would contend that A. might first collect the judgment against B. and then a part of the judgment against C. for the excess of interest of ten per cent. over the seven per cent. on the judgment against B., and so on against D. and E. In this case, or in any other, there can be no complication which will suspend or

defeat the principle made emphatic in all of the authorities upon this question, namely, *that there can be but one satisfaction.*

When payment has been made by one jointly and severally liable on a note, he is entitled to the possession of the note in order to sue the others for contribution. 2 Parsons on Notes & B., 215, 221. Those jointly and *severally* bound, as to this rule of satisfaction and discharge, stand precisely like those *jointly* bound, and the rule is uniform that payment by one discharges all, and payment is at least as full satisfaction and discharge as a technical release under seal or by parol. 1 Parsons on Notes & B., 247, and note. "It is in either case an admission that the debt is paid." Id., 248. The same learned author says: ".The reason of this rule, that a discharge of one is a discharge of all, is not merely technical;" and then enforces the rule by the argument that the one who pays has the immediate right of contribution against the others, whether jointly or jointly and severally bound. Id., 253. The payment of a separate judgment, where several are equally bound, will discharge all of them. This is substantially the language of Freeman on Judgments, and he cites, with many other authorities to sustain the rule, *Sherman v. Brett,* in this court, *supra.* "The holder of a joint and several note of A. and B., by discharging A. discharges B. also," is the sententious language of Mr. Chitty, in his work on Bills, § 417. To the same effect is Story on Prom. Notes, 425; and numerous authorities are cited.

Two separate judgments on a joint and several note are in substance a *joint* judgment, "and the payment of one operates as a satisfaction of both." *Harlan v. Berry,* 4 G. Greene, 212. To precisely the same effect is *Ward v. Johnson,* 13 Mass., 148. In *McReady v. Rogers,* 1 Neb., 124, it is held "that several actions may be brought and several judgments recovered against several wrong-doers, *but one satisfaction can be had.*" In *Elliot v. Porter,* 5 Dana (Ky.), 299, it is

held that a recovery against one jointly and severally bound *ex contractu*, will not bar a recovery against the others "till the judgment is satisfied or released." " There must be a satisfaction" to bar another action. In all similar cases this exception is made so strong as to have the force of positive law; as in *Drake v. Mitchell*, 3 East, 258, Lord ELLENBOROUGH held that in such a case the particular cause of action is merged in the judgment against one, and that stands as security, and will not bar any collateral remedy " until there shall have been actual satisfaction." In *Armstrong v. Prewitt*, 5 Mo., 476, a judgment was obtained against the representative of a deceased joint and several maker, and suit was brought against another. It was held that a recovery could be had, because there was no proof of the payment of the judgment as alleged in the pleading of the defendant. As to this general principle applied to different cases, without an exception, see *Bank v. Manuf'g Co.*, 45 Ind., 5; *Jones v. Ranson*, 3 Ind., 327; *Ewing v. Ford*, 1 A. K. Marsh., 457; *Thompson v. Percival*, 5 Barn. & Adol., 925; *Ayrey v. Davenport*, 2 Bos. & P. N. R., 474; *Hix v. Davis*, 68 N. C., 231. In my examination of the question I have failed to find a single case reported, or text of any law writer, denying this principle, and that it has full application to this case there can be no question.

The circuit court properly directed a verdict for the defendant.

CASSODAY, J. At common law the release of one of several persons jointly liable was a release of all. This, however, is not so under our statutes. Sec. 4204, R. S. So, when one of several persons jointly liable dies, the creditor may not only proceed against the survivors, but also against the estate of the deceased, the same as though the obligation had been several as well as joint. Sec. 3848, R. S. If that is so where the liability is joint and not several, it certainly is

where the liability is several as well as joint. The note here in suit is several as well as joint. *Dill v. White,* 52 Wis., 456. In that case it was held that a judgment in form against both makers of such a note, upon service had only upon one, did not merge the note, nor prevent a separate independent suit against the other defendant not served. Mr. Justice Lyon there gives the reason why a judgment against one of several persons jointly liable merges the whole claim and bars the action against the others, and says: "But if the obligation is several as well as joint, it is divisible, and the judgment upon it against one debtor does not merge the several obligation of another debtor not summoned. This remains, and the plaintiff may bring another action upon it against the latter."

Such being the law in relation to a note which is several as well as joint, it must be conceded that Manville, during his life-time, and the defendant *Silas* were each liable to a separate action, and hence to a separate judgment, upon the same note. The same continued true with respect to *Silas* and the estate of Manville after his death. But the judgment against the estate having by operation of law reduced the rate of interest from ten to seven per cent., there was only due from the estate thereon, April 8, 1880, $1,283, which amount was paid thereon by the estate on that day. The question remains whether the payment and satisfaction of that judgment at that time had the effect to discharge *Silas* from his several liability on the note. Under the decision of this court in *Dill v. White, supra,* there can be no question but what the plaintiff could have maintained a separate action on the note against *Silas,* after judgment against the estate of Manville, as well as before, and had he brought such suit and obtained such judgment therein April 7, 1880 (the day before such payment by the estate), there would, I apprehend, be no doubt but the plaintiff might have included therein interest on the note at the rate of ten

per cent. from the date of the note to the rendition of such supposed judgment, which at that time would have amounted to more than $1,700, or more than $400 more than the amount paid on the judgment against the estate. In other words, the allowance of the plaintiff's claim by the county court October 31, 1874, as against the estate, operated to merge the note in such judgment, and hence, by operation of law, reduced the rate of interest from ten to seven per cent. per annum so far as the liability of the estate to the plaintiff was concerned, but did not merge the note nor reduce the rate of interest so far as the liability of the defendant to the plaintiff was concerned. From this it appears that on the 7th day of April, 1880, the defendant was indebted to the plaintiff on the note in a sum exceeding $1,700, while the estate was then indebted to him, *not on the note*, but on the judgment, in the sum of only $1,283.

Such being the respective liabilities of the defendant and the estate on that day, I am unable to conceive of any logical reason why the payment by the estate the next day of $1,283, upon the judgment in favor of the plaintiff, could operate as a satisfaction and discharge of the then existing iability of the defendant to the plaintiff upon the note of more than $1,700. It is well settled that the payment in money of less than the whole of an undisputed debt, already due and payable, by one who is liable therefor, and without any new consideration, is not a satisfaction or discharge of the balance, even though by agreement it was expressly received in full. *Fitch v. Sutton*, 5 East, 230; *Harriman v. Harriman*, 12 Gray, 341; *Curran v. Rummell*, 118 Mass., 482; *Ryan v. Ward*, 48 N. Y., 204; *Hayes v. Davidson*, 70 N. C., 573; *Lerdall v. Charter Oak Life Ins. Co.*, 51 Wis., 429. Such being the law, it seems to me that logically the payment made on the judgment by the estate should only operate as satisfaction *pro tanto* of the defendant's liability to the plaintiff on the note. There are certainly authorities

Jameson vs. Barber.

to support this position. They may not be numerous, but, I think, they are logical.

In *Jones v. Kilgore*, 2 Rich. Eq., 64, the plaintiffs, as sureties on a joint and several note, were sued, and judgment recovered against them. The principal having died, his administrator was sued in a different county, and the administrator having successfully pleaded usury, a recovery was only had for the principal sum named in the note, without any interest, for which principal sum judgment was recovered against the administrator, and the same was paid and satisfied by him. Thereupon the plaintiffs, who were defendants in the other judgment on the same note, filed a bill to enjoin the collection of the judgment against them, on the ground that it had been satisfied by the payment and satisfaction of the judgment on the note against the administrator, and it was held that "where judgments on the same cause of action are identical in amount, satisfaction of one is satisfaction of all; where, however, they are not for the same amount, satisfaction of the one for the smallest sum is only satisfaction *pro tanto* of the others." *Lumpkin v. Ferguson*, 10 Rich. Law, 424, was an action on a sealed note given by F. as principal and G. as surety, and separate actions were brought, one against F. and the other against the administrators of G. F. failed to appear, and judgment was recovered against him for full amount of principal and interest. In the other action, only the principal sum was recovered, usury having been successfully pleaded, and it was held "that payment of the judgment against the administrators of G. was satisfaction *pro tanto* only, and not in full of the judgment against F." In *Guerry v. Perryman*, 2 Kelly (Ga.), 63, it was held that "if A., as heir of C., recovers of B., the administrator, a judgment for his distributive share, and afterwards sues D. as security on the administrator's bond, and gets a judgment for a less sum against him and collects the same, the first judgment is not

merged in the latter; and the payment in full of the latter does not operate as an extinguishment of the former, but as satisfaction *pro tanto* only."

These decisions seem to be logical, and in my judgment are based upon sound principles. Time will not permit further search for others which may exist, but the number in which the precise point has been considered seems to have been very limited. The reason is obvious, since separate judgments against several parties on the same claim are usually for substantially the same amount, and hence satisfaction of one will necessarily be satisfaction of the others. But even then the rule has not been so stringent as to exclude the recovery of costs in the other judgment. *Sherman v. Brett*, 7 Wis., 139; *First Nat. Bank of I. v. I. P. M. Co.*, 45 Ind., 5; *Stevens v. Briggs*, 14 Vt., 44; *Livingston v. Bishop*, 1 Johns., 290.

As this court, in *Ellis v. Esson*, 50 Wis., 139, made a distinction between cases of tort "where the amount of the damages is the subject of proof and computation," and "those cases where the damages are not the subject of proof and computation, but rest mostly in the discretion of the jury," so I think there is a broad distinction between all actions of tort where the damages are more or less unfixed and uncertain, and a several liability definitely fixed by written contract so that the amount thereof is readily and with certainty ascertained by mere computation. In that case it was said by Mr. Justice TAYLOR that "in cases where there is no technical release and discharge of one of several joint wrong-doers, whether the receipt of money from one, accompanied with an agreement not to prosecute him for the wrong, is a discharge of the other wrong-doer, depends upon the question whether such money was received as an accord and satisfaction for the whole injury. If it was, then all are discharged; if it was not, but only as a part satisfaction, then it is a discharge of the other *pro tanto*." The opinion

further quotes approvingly these sentences from Story on Contracts, § 997: " A parol release to one of several joint obligors will never operate as a complete discharge of the others *unless the debt be fully satisfied by him.* If it be partially satisfied, it may *pro tanto* be pleaded in discharge of the others." Especially is this so under our statutes cited. Here there was no release, technical or otherwise, nor anything that purported to be a discharge of the defendant from the note. The receipt in evidence was not under seal. By it the money receipted for was merely to apply upon the balance due on the note; and it was only to be a receipt in full for the plaintiff's *claim against the estate* in case this court should adjudge that the claim, after being allowed by the county court, drew only interest at the rate of seven per cent. instead of ten. For the reason stated, I think the payment by the estate of the judgment against it was only satisfaction *pro tanto* of the defendant's liability on the note; and in so far as the majority of the court hold to the contrary, I am, with great deference for their opinion, compelled to dissent.

*By the Court.*— The judgment of the circuit court is affirmed.