HANNA, Respondent, vs. CURTISS STATE BANK and another, Appellants.

*February 12—March 10, 1931.*

For the appellants the cause was submitted on the brief of *Herman Leicht* of Medford.

*J. R. Pfiffner* of Stevens Point, for the respondent.

OWEN, J. On the 12th day of July, 1928, the plaintiff was a stockholder of the defendant Curtiss State Bank. On that day the bank was in financial difficulties. At the suggestion of the commissioner of banking, the directors of the bank levied a one hundred per cent. assessment upon its capital stock under the provisions of sec. 220.07, Stats. The plaintiff failed to pay her assessment. The bank offered plaintiff's stock for sale at public auction, pursuant to notice, on the 1st day of October, 1928. It was stated at the sale that bids made on the stock there offered for sale would be applied on the assessment only.

O. A. Sturner, a director of the bank, bid $65 per share for plaintiff's stock and it was sold to him. On the 10th day of October the plaintiff demanded of the Curtiss State Bank and O. A. Sturner the payment of $65 per share, which Sturner bid for her stock, and tendered to them her stock certificate. Thereafter the officers of the bank were advised that the terms of the sale were illegal and were not in accordance with the requirements of the statute under which the sale was made. That statute, sec. 220.07, provides that "upon such sale the purchaser shall forthwith pay the amount of the assessment against said stock. The amount received from the sale of said stock, less the costs and expenses of such sale, shall be paid to the original owner of such stock."

According to the terms announced at the sale the amount bid for the stock was to be applied upon the one hundred per cent. assessment. The statute requires, however, that the amount received from the sale of the stock should be paid to the original owner of the stock, and the purchaser

shall become immediately liable for the assessment made against the stock. When this mistake was discovered, the officers of the bank ordered a resale, at which Sturner bid one dollar for the five shares of stock owned by the plaintiff, and it was sold to him.

The question here is whether the plaintiff may recover the $65 per share which Sturner bid. for her stock at the first sale. The sale of this stock was authorized by sec. 220.07. The statute was followed down to the time of the opening of the sale. All of the proceedings on the part of the bank up to that time had the authorization of law. The bank had a perfect right to sell the stock at that sale, but it had no right to sell the stock upon the terms announced at the sale. It is a general rule that the .bidder is bound by the terms announced at the sale. Under ordinary circumstances Sturner in making his bid had a right to rely upon the terms of the sale as announced. But he was an officer of the bank. He was fully cognizant of the fact that the sale was made pursuant to law; that the sale was a part of the prosecution of a legal remedy given to the bank for the purpose of enforcing collection upon the assessment. The fact is, however, that Sturner, as well as the bank and its officers, was mistaken with reference to the disposition of the amounts bid at such sale for the delinquent stock. The contract was the result of a mutual mistake of law. Whether either party to this contract could have canceled or rescinded it seems unnecessary to consider. In so far as that could be accomplished by either party to the contract, the same result was brought about by their mutual agreement of rescission. Both the bank and Sturner agreed to a rescission of the contract resulting from Sturner's bid at the auction sale. The only question is whether the plaintiff acquired rights under this contract that cannot be disturbed.

The entire proceeding was one for the benefit of the bank. The statutory provisions authorizing it are intended

to enable the bank to repair its capital. It is a procedure established to promote the solvency of banks—a consummation plainly in the public interest. It is a procedure inimical to the interests of stockholders. It is a procedure which results in additional burdens to the stockholders, or strips them of their title to their stock. The ultimate object of this sale was to deprive the plaintiff of her title to the stock. The entire purpose of the procedure was adverse to her interest. It cannot be held that the contract, if any, resulting from Sturner's bid at the first sale was a contract in her interest. She of course was interested in having the stock sold for as high a price as possible, but that was an incidental and not a contractual interest. She suffered no damage until she lost title to the stock. That did not result from the first sale. She has no contract interest as a result of the bid at the first sale which she can enforce, neither did she suffer any damages which she is entitled to recover.

Were there any doubt concerning the sufficiency of the foregoing considerations to negative plaintiff's right to recover, it would be interesting to inquire whether the first contract could in any event be enforced, because the terms of sale were not authorized by the law, rendering the contract itself *ultra vires* as to the bank. We do no more now than to suggest this point and do not undertake to decide it. From the foregoing it results that the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the complaint.

NELSON, J., took no part.