IN RE SECURITY SAVINGS BANK: MUELLER, Appellant, vs. BANKING COMMISSION, Respondent.

*February 7—March 5, 1935.*

508

For the appellant there was a brief by *Lees & Bunge* of La Crosse, and oral argument by *Geo. W. Bunge.*

For the respondent there was a brief by *Schubert & Stevenson* of La Crosse, and oral argument by *A. H. Schubert.*

FOWLER, J. The question involved is much like that involved in *In re Plain State Bank, ante,* p. 257, 258 N. W. 783. The only difference is that in the *Plain State Bank*

*Case* the stockholders claimed their voluntary assessment of one hundred per cent should be applied in satisfaction of their superadded stockholders' liability because the Banking Commission advised them that it would be so applied in case the bank was thereafter closed. Here the stockholders claim that the assessments were paid on assurance by the bank cashier that the money paid in on their assessment would be kept separate until the whole of the one hundred per cent voluntary assessment was paid in, and on the understanding by both the stockholders and the bank officers that there would be no statutory assessment if the bank closed.

It appears to us that there is no material difference between the situations in the *Plain State Bank Case* and the instant case. In the *Plain State Bank Case* the stockholder paid on the understanding induced by the representations of the Banking Commission that his payment would be applied in satisfaction of the statutory assessment in case the latter should be made. In this case the stockholder paid on the understanding on his part and that of the bank officers that the payment would be applied in satisfaction of the statutory assessment in case one should be made. In both cases the payment was made on a misunderstanding as to its legal effect. In both the statutes governed the status of the money paid, not the understanding of the stockholders or the bank or the Banking Commission. The payments in both cases were made pursuant to the statute, to fulfil the purpose of the statute, and their legal effect is fixed by the statute. Their purpose and effect were to restore the capital structure of the bank to permit its continuance as a bank; not to satisfy the statutory assessment to enforce the stockholders' superadded liability in case it should become necessary to levy one. In both cases the payments were of voluntary assessments, and they could have no greater or other effect than is contemplated by the statute relating to voluntary assessments under which they were made. Upon the general question in-

volved there is no need to do more than refer to the opinion in the *Plain State Bank Case, supra.*

The appellant argues that a special deposit in a bank must be devoted to the special purpose for which it was made and must be paid out only in strict accordance with the directions given at the time of the deposit, and that the amount paid in by the petitioner on the directors' assessment became a special deposit. His contention as to the disposition that must be made of money placed in a bank as a special deposit is correct, but the petitioner's payment was not a special deposit. If, after the directors of a bank made an assessment to restore lost capital, a stockholder deposited the amount of the assessment against his stock with the bank, and especially directed at the time that the money be held as a special deposit to be paid over in payment of the directors' assessment only in case all other stockholders have first paid their assessments or made like special deposits, otherwise to be returned to him, it may be that he would be entitled to have his money returned in case the condition imposed upon the deposit was not fulfilled. But that case is not before us, and we do not assume to decide it. This was not such a deposit. By resolution the board of directors, pursuant to sec. 220.07, Stats., levied an out-and-out voluntary assessment to repair depleted capital, with no strings attached, no rights reserved, no limitations or restrictions imposed. The notice given to the petitioner was that the directors had made "an assessment of one hundred per cent against all stockholders." The receipt given to the petitioner when he made his payment was for "payment of stock assessment." This evidences a mere "voluntary assessment" under the statute, as that term is used in the *Plain State Bank Case, supra,* and in the case of *Hanna v. Curtiss State Bank,* 204 Wis. 174, 176, 235 N. W. 416, and the officers of the bank could not, through misunderstanding of the legal effect of payment of it and consequent misrepresentation of its legal effect to the peti-

tioner, convert it into a special deposit or anything else than a payment of the voluntary assessment levied.

The appellant also contends that, because by the stabilization statute, deposits in the bank made after the bank opened pursuant to that statute are entitled to be first paid out of the assets of the bank, he is so entitled. But the statute covers only general deposits subject to the check of the depositor, and deposits evidenced by ordinary certificates of deposit. The plaintiff's payment was not such a deposit, or a deposit in any sense. It did not remain subject to his withdrawal. It did not remain his property, but became the property of the bank, a part of its capital.

*By the Court.*—The judgment of the circuit court is affirmed.