In re Liquidation of Oconto County State Bank : Federal Deposit Insurance Corporation, Appellant, vs. Oconto County State Bank and others, Respondents.*

*October 14—November 10, 1942.*

* Motion for rehearing denied, without costs, on January 12, 1943.

370

For the appellant there was a brief by *G. F. Clifford* of Green Bay and *Francis C. Brown* and *John L. Cecil,* both of Washington, D. C., and oral argument by *Mr. Cecil* and *Mr. Clifford.*

For the respondents there were briefs by *Lehner & Lehner,* *Adolph P. Lehner, Howard W. Eslien,* and *Howard N. Leh-*

*ner,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

FOWLER, J. It appears from the intervening petition of the Federal Deposit Insurance Corporation, hereinafter referred to as the "corporation," that it is the insurer, under 12 USCA, sec. 264, of the deposits of the Oconto County State Bank. The bank became insolvent on January 4, 1939, and was taken over for liquidation by the Banking Commission of Wisconsin, hereinafter referred to as the "commission." The corporation paid all insured claims of the deposi-'tors. It filed with the commission claims for payment by it of the sums so paid, on April 10, 1939, for $283,310.15; on June 30, 1939, for an additional $4,375.73; and on December 29, 1939, for an additional $34.19. The commission allowed these claims, ordered them paid, and from time to time paid dividends to the corporation and other creditors. On December 16, 1940, the corporation filed with the commission an additional claim for payment to it of an additional sum of $9,664.35 as interest on the deposits which it had paid and demanded allowance of interest at six per cent on deposits paid from January 4, 1939, the date on which the commission took over the bank, to December 3, 1940, the date on which it received the last dividend. The last payment completed payment of one hundred per cent of the amount paid to depositors by the corporation. The commission, after paying all creditors and expenses of administration, has on hand a sum sufficient to pay the corporation's claim for interest. The commission petitioned the court for authority to pay the corporation's claim for interest; the corporation as intervenor filed with the court a petition setting up in detail its said claim, and the directors of the bank in behalf of themselves and the stockholders to whom the amount of the claim for interest will go if not allowed, demurred to the petition of the corporation on the ground that it appears on the face thereof that the

corporation is not entitled to any relief. The court sustained the demurrer and dismissed the petitions, and the corporation appeals.

The basis of the corporation's claim is 12 USCA, sec. 264 (1) (7), which provides that:

In the case of a closed national bank the corporation on payment of an insured depositor "shall be subrogated to all rights of the depositor against the closed bank to the extent of such payment" and that "in the case of any other closed insured bank, the corporation shall not make any payment to any depositor until the right of the corporation to be subrogated to the rights of such depositor on the same basis as provided in the case of a closed national bank under this section shall have been recognized either by express provision of state law, by allowance of claim by the authority [commission] having supervision of such bank, by assignment of claims by depositors, or by any other effective method. In the case of any closed insured bank, such subrogation shall include the right on the part of the corporation to receive the same dividends . . . as would have been payable to the depositor on a claim for the insured deposit; . . . provided, that the rights of depositors and other creditors of any state bank shall be determined in accordance with the applicable provisions of state law."

Sec. 220.082, Wis. Stats., declares that the corporation's rights to subrogation in case of a closed insured state bank are the same as its rights in the case of a closed insured national bank. The corporation took an assignment from each insured depositor which contained the following provision:

"For the purpose of subrogating the Federal Deposit Insurance Corporation to all of claimant's rights against said closed insured bank arising out of the insured deposit in the amount shown above, claimant hereby assigns, transfers and sets over unto said corporation all claims against said closed insured bank and its stockholders arising out of said insured deposit, together with all evidences of such indebtedness held

by claimant. Claimant hereby acknowledges receipt from the said corporation of the amount of said insured deposit."

It is fundamental that the construction given to federal statutes by the federal courts is conclusive upon the state courts. *Elmendorf v. Taylor,* 23 U. S. 152, 160, 6 L. Ed. 289, 292. The federal courts have construed the provisions of the statute here involved. The most recent federal case is that of the court of appeals of the Eighth circuit, *Federal Deposit Ins. Corp. v. Citizens State Bank of Niangua,* 130 Fed. (2d) 102, 103, 104, 106. There, as here, the question was whether under the subrogation provisions of the federal act the corporation could recover interest on the deposits it paid the insured depositors. There, as here, it was contended that the provision here involved "prohibits the corporation from receiving interest as a liquidation incident, and entitles it to reimbursement only for the sum which it has paid out, without the right to any interest, even though there is a surplus available for that purpose." This contention was rejected, and it was held that the "corporation [was] entitled to collect, as part of its subrogation rights, such interest as is properly and ordinarily incident to the payment of claims of depositors in a bank liquidation, where there is a surplus available for this purpose." The federal district court from which the appeal was taken had construed the law of Missouri wherein the liquidated bank was located as entitling the corporation to interest from the time of the allowance of the claim by the liquidating agent, but not to interest prior to that time. The appellate court reversed the district court as to its construction of the Missouri law and directed the district court "to enter a declaratory judgment that . . . [federal statute involved] does not prohibit the corporation from receiving interest upon its claim . . . and that the corporation is entitled to have paid to it by . . . [the liquidating agent], as part of its subrogation rights, such interest as is properly and ordinarily inci-

dent to the payment of claims of depositors in a bank liquidation, under Missouri law, where there is a surplus available for this purpose; and with directions to dismiss the complaint . . . as to other questions raised, without prejudice" to having its claimed rights determined by the state courts. Under the rule of the federal case above stated it is for us to decide whether under our statutory and court-declared law interest "is properly and ordinarily incident to the payment of claims of depositors" of a liquidating bank, and if so the rate of interest and the time during which the interest is to be paid.

The general principles governing the allowance of interest in this state are finally established in *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327. It is stated on page 187 of that opinion as to liquidated claims:

"The rule of course is that the debtor should pay interest from the time when he ought to have paid the debt."

These principles are summarized in *Necedah Mfg. Corp. v. Juneau County,* 206 Wis. 316, 329, 237 N. W. 277, 240 N. W. 405, and it is there stated that on liquidated claims "the creditor is entitled to interest . . . from the time payment . . . was due by the terms of the contract, or, if that was not specified, then from the time that demand was made; and if no demand was made prior to the time of the commencement of the action, then from that time." In *Vogt v. Calvary Lutheran University M. Society,* 213 Wis. 380, 388, 251 N. W. 239, it is said:

"The established rule is that when the time of payment is specified by the terms of a contract, then interest is to be computed from the time that payment was due by those terms."

· Other cases hold that when the time for payment is not fixed by contract, interest begins to accrue when demand for payment is made. *Remington v. Eastern R. Co. of Minnesota,* 109 Wis. 154, 84 N. W. 898, 85 N. W. 321; *Lowe v. Ring,*

123 Wis. 370, 101 N. W. 698; *Estate of McAskill,* 216 Wis. 276, 257 N. W. 177. When no demand has been made for payment of a principal sum, interest begins to run from the time of commencement of suit, or the filing of the claim in county court. *McAskill Case, supra.*

The above sufficiently covers the proposition that interest is properly allowable in this state as incident to the claims of depositors in bank liquidations. Had these deposits not been insured the time depositors would have been entitled to interest from the time their certificates became due, and demand depositors from the time the commission took over the bank, as the taking over of the deposit prevented payment on demand and made demand unnecessary. It is possible that the certificates of deposit provided for interest at a specified rate until paid, in which case, perhaps, interest would not be payable at six per cent but at the contract rate, but the form of certificates does not appear and that question is not before us and we do not assume to decide it.

The respondents contend that interest cannot be allowed at six per cent because no statute provides for interest on judgments. However it was decided in *Booth v. Ableman,* 20 Wis. *602, that "judgments bear interest from date of their entry." Sec. 272.05 (8), Wis. Stats., provides for collection of interest on executions issued on a judgment and this necessarily implies that judgments draw interest. *Jameson v. Barber,* 56 Wis. 630, 633, 14 N. W. 859, is to the effect that by force of par. (8) the judgment bears interest at the statutory rate. The only statute providing for allowance of a less rate of interest than six per cent on judgments is the mortgage foreclosure statute, sec. 278.12, Wis. Stats., which provides that when the mortgage debt provides for a rate less than six per cent the amount adjudged due shall bear interest at that rate until the date of sale or payment, and all instalments falling due after date of the judgment shall bear interest at that rate. This statute does not apply here.

The respondents also contend that if interest is allowable it can only be allowed at the rates at which insured banks may allow interest on deposits, which they contend are fixed by statute at no interest on demand deposits, not to exceed one per cent on time certificates due in ninety days or less, two per cent on certificates due in from ninety days to six months, and two and a half on certificates due in six months or more. These rates are not fixed by statute but by a code of regulations having the force of law fixed pursuant to statute by authorities of the federal reserve system to whom is delegated the power to fix interest rates paid by insured banks. See sec. 304.2 and sec. 304.6, title 12, Code of Federal Regulations, U. S. A. We consider that these rates do not govern the amount of interest payable to the instant corporation, unless the rate of interest payable on certificates of deposit of an insured bank governs the amount payable to the depositors when on liquidation the liquidating agent has funds sufficient to pay creditors in full. But interest being inherently incident to the depositors' claims, it is allowable, and no rate being fixed otherwise than by sec. 115.04, Wis. Stats., which provides that "the rate of interest upon the loan or forbearance of any money . . . shall be" six per cent, that is the only rate that can be applied when no other rate is fixed either by contract or statute. *Milwaukee v. West Allis,* 236 Wis. 371, 294 N. W. 625. No Wisconsin bank-liquidation case is called to our attention that holds that in such proceedings interest must be paid on the amount of the deposit before any payment can be made to the stockholders of the bank, but there are many decisions of other courts, both federal and state, so holding, and there are no holdings to the contrary so far as we are advised or can discover.

For the reasons above stated we are of opinion that under the allegations of the petition the corporation is entitled to interest at six per cent on the amount of the insured deposits paid by the corporation which remained not repaid to the

corporation at the times of the payments of the several dividends, on the demand deposits from the time the commission took over the bank, and on the time deposits from the due date of the certificates of deposit, up to the time of the several dividend payments. If the respondents claim any substantial difference between the amount of interest at six per cent on the time deposits and interest at the rate they bear between the time of the taking over of the bank and the times the certificates fell due, the respondents may by answer set up their claim for reduction of the amount claimed; and if by the terms of any certificates of deposit they bear interest until paid at a less rate than six per cent, the respondents may set up their claim that interest should be allowed at the less rate, if such claim they make.

The brief of appellant contains no synopsis, as required by Rule 7 of this court, and under Rule 10 of the court no costs for printing of the brief will be allowed.

*By the Court.*—The order of the circuit court dismissing the petitions of the Federal Deposit Insurance Corporation and the Banking Commission is reversed without costs for printing of appellant's brief, and the cause is remanded with directions to enter an order in accordance with the opinion.

The following opinion was filed January 12, 1943:

Per Curiam (*on motions for rehearing*). Both sides ask for rehearing on question of what interest is allowable, and both claim that the case being on demurrer to the petition of the Federal Deposit Insurance Corporation for insufficiency of facts stated the question of what interest is allowable—as dependent on rate and time from which and to which allowable—is not presently before us. In the latter they are correct, strictly speaking. A demurrer to a complaint for insufficiency of facts is overruled if the complaint states a case for some relief, even if it does not state a case for the full relief demanded, and the instant petition states a case for allowance

of some interest even if the six per cent demanded is not allowable. At any rate the question of what interest is allowable has not been adequately briefed. Neither brief pays any attention to the brief of the other side. In this situation, we treat the opinion heretofore filed as merely holding that some interest is allowable and leave the precise basis of the allowance to be determined by the trial court upon the facts shown by the proofs or the stipulation of the parties. The solution of this question may be aided by consideration of 32 C. J. p. 864, sec. 178, and cases cited under notes 16 and 17, not cited by either party, and the cases cited in 29 Yale Law Journal, 481, to the point of anticipatory breach of contracts for payment of money not due at the time of the taking over of the assets of an insolvent debtor by a liquidating agent, cited by appellant, as well as by consideration of such other cases or authorities as counsel may find.

The motions for rehearing are denied without costs. The mandate is modified to read: The order of the circuit court dismissing the petitions of the Federal Deposit Insurance Corporation and the Banking Commission is reversed without costs for printing appellant's brief, and the cause is remanded for further proceedings in accordance with this *per curiam* opinion.