IN RE FARMERS EXCHANGE BANK OF GREEN BAY: BANKING COMMISSION, Appellant, vs. SMITH and others, Trustees, Respondents.*

*March 9—March 19, 1943.*

\* Motion for rehearing denied, with $25 costs, on May 18, 1943.

For the appellant there were briefs by *Minahan & Bassett* of Green Bay, and oral argument by *Roger Minahan.* The *Attorney General* and *Rickard H. Lauritzen,* assistant attorney general, were also on the briefs in support of motion for rehearing.

For the respondents there were briefs by *North, Bie, Duquaine, Welsh & Trowbridge,* and oral argument by *Alex Wilmer,* all of Green Bay.

ROSENBERRY, C. J. A segregated trust of certain assets theretofore the property of the Farmers Exchange Bank of Green Bay was created by agreement dated August 26, 1932. At that time there was no special statute providing for supervision of such trusts, and for that reason they came under the general superintending control of the circuit court. Sec. 220.08 (19) of the statutes was enacted by ch. 245, Laws of 1935. That section so far as material here is printed in the margin.[1]

---

[1] Sec. 220.08 (19) so far as material here provides:

(19) Segregated trusts heretofore or hereafter created in connection with the stabilization and readjustment or reorganization of a bank shall be administered and liquidated under the supervision of the banking commission and the circuit court of the county in which the bank is located.

(a) The trustees shall be confirmed by the circuit court of the county wherein such bank is located and shall be subject to removal by said court.

(b) The administration and liquidation of such trust shall be subject to the supervision of the banking commission and as far

In 1940, some disagreement having arisen between the trustees and the Banking Commission as to the right of the commission to supervise the trust and the liability of the trust for the expense of supervision, the trustees commenced an action for declaratory relief. Judgment was entered therein on May 14, 1941, by which it is determined:

"(1) That the administration and liquidation of the trust . . . are subject to the supervision of the banking commission and the circuit court of the county of Brown, state of Wisconsin, by virtue of sec. 220.08 (19), Wis. Stats. 1939.

"(2) That neither said trust nor the trustees are obliged or authorized to pay to said banking commission costs of examination or supervision rendered by the commission."

No appeal was taken from this judgment. The residue of the trust assets were liquidated in December, 1940, and a hearing on the account of the trustees was set for December 30, 1940. The hearing was continued from time to time pending the determination of the declaratory-relief action, and on April 18, 1941, the court entered an order authorizing the Banking Commission to make an audit and examination of the affairs of the trust. In September, 1941, an order was entered directing the Banking Commission to show cause why the trustees' account should not be allowed. In November, 1941, the commission filed its objections in final form to the account of the trustees. On September 14, 1942, an order was entered overruling all objections of the commission to the account and allowing the account as filed. The Banking Com-

as practicable shall be subject to the approval of the circuit court of the county wherein such bank is located in the same manner and to the same extent as is the administration of banks in liquidation under the provisions of this section.

(c) The banking commission shall make such examinations of the books, records and assets of such trust as it deems necessary and shall submit copies of such examinations to the trustees and to the circuit court. The cost of such examinations and the cost of the supervision rendered by the commission, which cost shall be determined by said commission, shall be a charge against the trust and shall be paid as an expense of administration.

mission served notice of appeal to this court from the order on December 2, 1942, and on March 9, 1943, a motion to dismiss the appeal was brought on for hearing. The grounds upon which the motion is based are, (1) that the Banking Commission was not a party aggrieved, and (2) that no right of appeal from the order in question existed under the statute. In view of the conclusion we have reached, we need consider only the second ground.

Sec. 220.08 (19), Stats., already set out, contains no provision authorizing the Banking Commission to appeal from an order of the court approving or disapproving the administration of the trust by the trustees. While the Banking Commission is authorized by sub. (19) (b) to supervise the administration and liquidation of the segregated trust, and by par. (c) to make such examination of the books, records, and assets of such trust as it deems necessary, and it is directed to submit copies of such examination to the trustees and to the circuit court, it is nowhere authorized to appeal from any determination of the circuit court in regard to matters concerning the segregated trust.

It is a well-established rule of law that the right of appeal is a statutory right and does not exist except where expressly given and cannot be extended to cases not within the statute. *Western Union R. Co. v. Dickson* (1872), 30 Wis. 389; *Clancy v. Fire & Police Commissioners* (1912), 150 Wis. 630, 138 N. W. 109.

As was pointed out in *State ex rel. Milwaukee Medical College v. Chittenden* (1906), 127 Wis. 468, 508, 107 N. W. 500, the appellate jurisdiction of the constitution is one thing, but the right of appeal is another, and is a creature of the legislature, and does not exist where the legislature has not acted. Where the law gives a new remedy to meet a new situation and an appeal is not given by the law creating the procedure, no appeal lies. *Baxter v. Sleeman* (1928), 196 Wis. 562, 221

N. W. 382; *Green Bay v. Saunders* (1941), 237 Wis. 229, 296 N. W. 592.

In *In re Jeness* (1935), 218 Wis. 447, 261 N. W. 415, and *Petition of Long* (1922), 176 Wis. 361, 187 N. W. 167, the court had under consideration sec. 3203*a*, Stats. 1919, by which provision was made for the compensation of persons who had been wrongfully convicted of crime. The state board of control was given jurisdiction to determine whether the petitioner was innocent of the crime or offense for which he had suffered imprisonment. The statute provided in sub. 5 :

". . . The findings and the award of the board shall be subject to review on an appeal, by the circuit court for Dane county, but the appeal shall be subject to the same limitations as apply to the findings and awards made by the board."

The petitioner had a hearing before the board. His claim was disallowed. He applied to the circuit court for Dane county and that court entered a judgment dismissing the petitioner's application, from which judgment the petitioner appealed to the supreme court. There was a motion to dismiss the appeal. It was held that no right of appeal to this court having been provided by the statute, no such right existed and the appeal was dismissed.

Apparently under sub. (19) (b) of sec. 220.08, Stats., the function of the circuit court is limited to approving or disapproving the administration and liquidation of the trust. This subsection creates a new procedure applicable only to segregated trusts created under sec. 220.08.

While it is true that courts of equity have exclusive jurisdiction in cases involving trusts and the conduct of those appointed to execute them, the equity jurisdiction of the court is in no way invoked in the procedure prescribed by sub. (19) of sec. 220.08, Stats. The court in this case has proceeded in the exercise of the power conferred by sub. (19) (b)

which is a specially created and not well-defined duty. Certainly a procedure under par. (b) cannot be enlarged into an equitable action. It is somewhat analogous to the powers conferred upon courts by special statutes such as the creation and supervision of a drainage district (ch. 89, Stats.), but in that chapter the procedures are carefully prescribed and are declared to be equitable in their nature and provision is made for appeal to the supreme court. The procedure in this case not being in the exercise of the general equitable jurisdiction of the court and no appeal having been provided by the act creating segregated trusts, no appeal lies.

The appellant claims that it has a right of appeal under sec. 274.09 (2), Stats., which is as follows:

"Said right of appeal applies to final orders and judgments rendered upon appeals to review the proceedings of tribunals, boards and commissions, without regard to whether those proceedings involve new remedies or old ones."

The order attempted to be appealed from in this case was not rendered upon an appeal to review the proceedings of the Banking Commission. In response to an order to show cause why the account of the trustees should not be approved, the Banking Commission made and filed certain objections to the account. After a hearing the court entered its order overruling the objections filed by the Banking Commission and allowed the account of the trustees. From that order the appeal was taken. In its consideration of the matters raised by the objections of the Banking Commission the court exercised the jurisdiction conferred upon it by sub. (19) of sec. 220.08, Stats. That jurisdiction is original and in no sense appellate.

We note that in this case counsel and the court failed to observe the distinction between a special proceeding and an action. No action was pending in the court. The exercise of the court's jurisdiction over the segregated trust was clearly by special proceeding. Being a special proceeding it should be

terminated by an order and not by a judgment. By statutory definition a judgment is the final determination of the rights of the parties *in the action*. Every other direction of a court or a judge made or entered in writing and not included in a judgment *is an order*. (Sec. 270.53, Stats.)

*By the Court.*—Motion to dismiss appeal is granted.

The following opinion was filed May 18, 1943:

ROSENBERRY, C. J. (*on motion for rehearing*). The contention is made that the Banking Commission was entitled to appeal in this matter pursuant to the provisions of sec. 274.09 (1), Stats., the theory being that the court's attention was not called to the amendment of sec. 274.09 (1) by ch. 541, Laws of 1935, which it is claimed changed the rule of the cases cited in the original opinion. This contention ignores many obvious considerations. Ever since the enactment of ch. 264, Laws of 1860, there has been a provision in our statutes providing in substance that—

"Appeals to the supreme court may be taken from the circuit courts and also from county courts having civil jurisdiction."

It has never been supposed up to this time that these statutory provisions authorized the taking of appeals but merely provided from what courts and to what courts appeals could be taken in cases where authorized by other provisions of the statutes. Nor does the contention made in regard to the enactment of ch. 541, Laws of 1935, support the position of counsel. As set out in the brief of counsel, ch. 541 was enacted as a revisor's bill, Bill No. 50, S. In the note to the bill the revisor said:

"Following the practice which has prevailed unbroken from the beginning of statutory revision in Wisconsin, this bill proposes some (mostly minor) changes in the law but in every instance where a change is made there is a note calling attention to the change and giving a reason therefor.

"The purpose, in chief, is to make the statutes more clear, concise and compact; to plainly express the meaning which has been judicially attributed to various provisions. . . .

"The absence of a note to any section of the bill means that only verbal changes are intended."

No note indicating a change in substantive law was appended to sec. 282 of the bill, which amended sec. 274.09 (1), Stats. From this it is clear that the insertion of the words "unless expressly denied" was not intended to and it is apparent that it did not work a change in substance of sec. 274.09 (1).

We are at a loss to understand just why in the face of this clear declaration and the long-established practice in this state, the contention should now be made that the insertion of these words did change the meaning of the section.

If the contention of counsel is sound, the case of *Puffer v. Welch* (1910), 141 Wis. 304, 124 N. W. 406, where the appealability of an order is fully discussed, was wrongly decided. It is further evident that the provisions of secs. 274.10, Stats., as it now stands, 274.11, and 274.33 would be pointless if sec. 274.09 (1) grants the right to appeal in general terms. Secs. 274.10, 274.11, and 274.33 grant the right to appeal. These sections are not limitations upon a general grant contained in sec. 274.09 (1). These sections provide from what orders and judgments appeals may be taken. Sec. 274.09 (1) provides from what courts to what courts authorized appeals may be taken. The last clause of sec. 274.09 (1) "Appeals may be taken from interlocutory judgments," is out of place. It should have been embodied in sec. 274.11. Plainly, the question of interlocutory judgments is not involved in this case. Despite the statement of the revisor to the effect that the court wrongly decided *Petition of Long* (1922), 176 Wis. 361, 187 N. W. 167, that

case was correctly decided unless the court wished to over-rule *Puffer v. Welch, supra,* and numerous other cases.

Although not before us here, we call attention to the fact that the language of sec. 274.09 (2), Stats., is of doubtful application. It provides:

"Said right of appeal applies to final orders and judgments rendered upon appeals to review the proceedings of tribunals, boards and commissions. . . ."

It is quite evident that in substance this is intended to apply to secs. 274.11 and 274.33, Stats., and has no place in a section which relates solely to courts from which and the courts to which an appeal may be taken. If "said right of appeal" applies to the provision that appeals may be taken from interlocutory judgments, as a matter of practice, inter-locutory judgments are not entered in actions to review the decisions of administrative bodies.

We tried to make it clear in the original opinion that this proceeding did not fall under sub. (2) of sec. 274.09, Stats., under any construction. Apparently we did not suc-ceed. In a supplemental brief, in support of their motion, counsel for appellant cite six cases in which they claim appeals were taken under this section. We have examined these cases which are cited in the margin,[1] and in each of them a proceeding before the Banking Commission was in-volved. In this case there was no proceeding before the Banking Commission. The Banking Commission appears in this case as a party to the proceeding before the circuit court, pursuant to the provisions of sec. 220.08 (19) (b),

---

[1] *In re Oconto County State Bank* (1942), 241 Wis. 369, 6 N. W. (2d) 353; *In re Milwaukee Commercial Bank* (1940), 236 Wis. 105, 294 N. W. 538; *In re Bank of Viroqua* (1939), 232 Wis. 644, 288 N. W. 266; *In re Anchor State Bank* (1940), 234 Wis. 261, 291 N. W. 329; *In re Security Savings Bank* (1935), 217 Wis. 507, 259 N. W. 426; *In re Plain State Bank* (1935), 217 Wis. 257, 258 N. W. 783.

Stats. There is substantial difference between a proceeding before the Banking Commission of which it has jurisdiction and which is being reviewed by action or on appeal and a proceeding in the circuit court in relation to the liquidation of a trust where the Banking Commission merely appears as a party. No order of the Banking Commission was being reviewed in this case.

This matter came before the court on the petition of the trustees of the segregated trust for an examination and allowance of their final account and for an order authorizing and directing the payment of the final dividend. The Banking Commission appeared in that proceeding and made objections, and upon issue thus made, the court proceeded to a determination and made the order of September 14, 1942, from which the Banking Commission appeals. It thus appears that the Banking Commission was nothing more nor less than a party to the proceeding instituted by the trustees.

*By the Court.*—The motion for rehearing is denied with $25 costs.